# Louisville and Nashville Railroad Co. v. Cofer.

*Action against Railroad Company to recover Damages for killing stock.*

| | |
|---|---|
| 110 | 491 |
| 116 | 306 |
| 119 | 491 |
| 121 | 473 |
| 110 | 491 |
| d140 | 421 |
| 110 | 491 |
| 144 | 609 |

1. *Pleading and practice; when independent torts can be joined in the same complaint.*—Separate counts for independent torts of the same nature, and upon all of which the same judgments can be rendered, may be joined in the same complaint; and the provisions of the statute (Code, §2672), that all actions on contracts, express or implied, for the payment of money, whether under seal or not, may be united in the same action, does not affect this rule.

2. *Same; same.*—Where, in an action against a railroad company to recover damages for the alleged negligent killing of several animals, there are separate counts in the complaint alleging the killing of separate animals at different times, such complaint is not demurrable upon the ground of the misjoinder of the several causes of action.

3. *Same; defendant entitled to judgment for costs as to counts not sustained.*—Where, in a single suit, there are distinct causes of action laid in different counts, on some of which the plaintiff fails to recover, the defendant is entitled to have judgment in his favor as to the costs accruing upon these counts, and may be so protected by having the court to instruct the jury to specify in their verdict the counts upon which their finding is based.

4. *Same; misjoinder of causes of action.*—In an action against a railroad company to recover damages for killing cattle, a count in the

[Louisville & Nashville Railroad Co. v. Cofer.]

complaint which alleges the killing of several animals at different times, is demurrable as joining several causes of action in the same count.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, W. T. L. Cofer, against the Louisville & Nashville Railroad Company, to recover damages for the alleged negligent killing of cattle.

In the first count of the complaint plaintiff claims of defendant $125 "for the killing of one cow, one steer, and one heifer, the property of plaintiff, which cow was killed on or about the 7th day of October, 1891, and said steer was killed on or about the——day of September, 1891; and said heifer was killed on or about the——day of May, 1891," all of which cattle were alleged to have been killed by defendant's negligence in the running .of the trains, etc. The complaint contains four other counts, each of which counts separately upon the killing of each of the cattle. Defendant demurred to the complaint on the ground that plaintiff seeks therein to join several distinct trespasses in the same action. It also demurred to the first count on the ground that several distinct causes of action are joined in one and the same count. The demurrer to the complaint as a whole was overruled, except as to the fourth count, to which it was sustained : and the demurrer to the first count of the complaint was overruled. To each of these rulings defendant separately excepted, and assigns as error the court's rulings on the demurrers interposed to the complaint as a whole, and to the first count thereof.

J. M. FALKNER and GEORGE H. PARKER, for appellant, cited *R. R. Co. v. Carloss*, 77 Ala. 443 ; Code of 1886, § 1147, note ; *Maupay v. Holley*, 3 Ala. 103 ; Code of 1886, § .664.

W. T. L. COFER, *contra.*

HEAD, J.—At common law counts for distinct and independent torts, of the same nature and upon all which the same judgment was to be given, could be joined in separate counts, in the same action.—1 Chit. Pl. ·199,

200. Section 2672 of the Code provides, that all actions on contracts, express or implied, for the payment of money, whether under seal or not, may be united in the same action. This statute was not intended to affect the rule above stated. At common law there were contracts for the payment of money, actions upon which could not be joined. Thus, assumpsit, covenant, debt, or account could not be joined with each other.—1 Chit. Pl. 201. The statute was intended to abrogate that rule, and permit actions upon all contracts for the payment of money to be joined. The demurrer to the complaint for misjoinder of counts was properly overruled. In respect to costs, when there are distinct causes of action laid in different counts, the parties may be protected by having the court to instruct the jury, in the event they find for the plaintiff upon any less than all the causes of action declared on, to specify in the verdict the counts upon which the finding is based. This done, the court may award to the defendant the costs relating to those causes upon which the plaintiff failed to recover.—1 Chit. Pl. 412.

The first count of the complaint claims of the defendant a gross sum, as damages for negligently killing three animals by three several and distinct acts, committed at different times. There was a demurrer to this count for misjoinder of causes of action in the same count, which was overruled, and that ruling is assigned as error. Under the influence of the decission of this court, in *Dusenberry v. H. A. & B. R. R. Co.*, 94 Ala. 413, we hold that this system of practice does not change the rule of the common law so as to authorize the joinder, in one count, of several distinct and independent torts. The court, therefore, erred in overruling the demurrer to the first count.

Reversed and remanded.