# Williams *v.* Ala. Cotton Oil Co., *et al.*

## *Trespass to Realty.*

(Decided Nov. 21, 1907.   44 So. Rep. 957.)

1. *Pleading; Complaint; Amendment; Departure.*—Counts which declare for the destruction of a lien for wharfage charges cannot be added by amendment to a complaint in trespass to realty, nor can a count claiming damages for the maintenance of a nuisance in a public street to the detriment of abutting property owners be added by way of amendment to a complaint in trespass to realty, as each present a new and different cause of action.

2. *Same; Demurrer; Overruling Demurrer.*—Where   the   only ground of demurrer assigned to a complaint containing counts in trespass to realty and counts for the destruction of a wharfage lien and maintaining a nuisance, was that the original complaint was ex delicto and the additional counts ex contractu, such demurrer was properly overruled, as the grounds stated was insufficient and the court was confined to the ground specified.

3. *Appeal; Review; Harmless Error; Affirmative Charge.*—The complaint being in trespass to realty and no substantial damages to the freehold or to the possession being shown, and no important right to be vindicated by the awarding of nominal damages being disclosed, and the plaintiff not being entitled to recover costs exceeding the damages, it is not reversible error to direct a verdict for the defendant although there was some evidence of a technical trespass.

4. *Wharves; Rights of Wharfage; Constitutional Provision.*—An express legal authority to make the charge must be shown before recovery can be had for the destruction of a lien for wharfage for the use of a wharf on a navigable stream.   Section 24, Constitution 1901.

APPEAL from Sumter Circuit Court.

Heard before Hon. John T. Lackland.

The first, second, third, fourth, fifth, and sixth counts claim damages for trespass by defendant or its agent, appellee here, on a certain lot described therein, and the trespass alleged is the going upon and tramping on the ground, and shipping therefrom and receiving thereon a large amount of cotton seed. Counts D, E and F declare upon destruction of a wharfage lien for wharf charges on the cotton seed shipped from and received on

the lot, alleging that plaintiff used this lot for wharfage purposes, and carried on the business of wharfinger thereon,. and was entitled to receive wharf charges for the use thereof, etc. Count C alleged that the land on which the cotton seed were deposited abutted on the Tombigbee river, that the same was used by plaintiff as a wharf, and when goods were stored thereon, either for shipment by boat or on being received from boat, plaintiff's wharf lien attached to such goods, and he was entitled to receive pay for wharfage, and defendants removed all these goods and destroyed the lien, etc. The original counts were filed March 27, 1905. Counts D, E, and F were filed April 17, 1906. Count C was filed October 19, 1905. The other facts are sufficiently stated in the opinion of the court.

C. K. ABRAHAMS, and PATTON & PATTON, for appellant. The court erred in striking D, E and F of the amended complaint.—*Wilkinson v. Moseley,* 18 Ala. 288; *Mobile County v. Randle,* 74 Ala. 170; *Britt v. Pitt.* 111 Ala. 405; Secs. 3293 and 3394, Code 1896. Within the limitations of these sections the right of amendment cannot be denied.—*S. F. & M. I. Co. v. De-Jarnette,* 111 Ala. 248; *Doe v. Richardson,* 76 Ala. 329; 74 Ala 170; 68 Ala. 407; 69 Ala. 180. There was no departure contained in the counts D, E and F. The land was sufficiently described.—*Jean v. Sandifur,* 39 Ala. 317. The descriptions of lots bounded by a public highway or a city street carries with it the fee to the center of said road or street and the grantee has the exclusive right to the soil subject to the right of way.—*C. & W. Ry. Co. v. Witherow,* 82 Ala. 587. Where adjoining owners acquiesce in a temporary boundary line actual possession up to such line will support an action of trespass.—*Sherman v. The State,* 105 Ala. 115; *Lawson's*

[Williams v. Ala. Cotton Oil Co., et al.]

*Case,* 100 Ala. 7; *Burkes v. The State,* 117 Ala 149. The court erred in refusing charges 1 and 2 requested by the plaintiff.—*Lehman v. McQueen,* 65 Ala. 570; *McWilliams v. Phillips,* 71 Ala. 80; *McInnerny v. Ervin,* 90 Ala. 275. The court erred in refusing charges 3, 4 and 6.—*L. & N. R. R. Co. v. Hall,* 131 Ala. 161; *Rodgers v. Brooks,* 99 Ala. 31; 80 Ala. 291; 70 Ala. 244. · The court erred in refusing charge 5.—*L. & N. R. R. Co. v. Hall. supra.* The court erred in refusing written charges 7, 8, 9 and 11.—*Stein v. Ashby,* 24 Ala. 530; *Stein v. Burden,* 24 Ala. 131; *Parker v. Mize,* 27 Ala. 480. Charge 10 should have been given.—*White v. Yawkey,* 108 Ala. 270. The burden of proving justification in this case was clearly upon the defendant, and having failed plaintiff was entitled to the affirmative charge.—*McInnerny v. Ervin, supra.*

THOMAS F. SEALE, for appellee. Counts D, E and F introduced a departure, and were properly stricken.—*Nelson v. Bank,* 139 Ala. 578; *S. F. & M. Ins. Co. v. DeJarnette,* 111 Ala. 248. The complaint cannot be amended so as to allow other lands to be embraced than those originally mentioned.—*Leatherwood v. Suggs,* 96 Ala. 383. It is not error to refuse to allow an amendment if relief could not be obtained under it, if allowed.—*Tutwiler v. Adkins,* 106 Ala. 194. ·The general pubic and the town authorities can use a street abutting a navigable stream as a wharf.—*Webb v. Demopolis,* 95 Ala. 116; *Williams v. Gainesville,* 43 South. 409. Where there is no evidence of a fact necessary to entitle plaintiff to recover the court may give the general charge for defendant.—*Tyre v. Lyon,* 67 Ala. 1; *Middleton v. Wilson,* 84 Ala. 269; *Pollack v. Davidson,* 87 556. The plaintiff having failed to prove any damages

is not entitled to recover.—*Tyre v. Lyon, supra; Webb v. Demopolis, supra; Williams v. Gainesville, supra.*

DENSON, J.—The original complaint was filed on the 22d day of March, 1905, and contains six counts, each of which is in trespass for entering upon a certain lot of plaintiff, walking around and tramping on the same, and shipping cotton seed therefrom. On the 17th day of April, 1906, as the record shows, papers purporting to be counts D, E and F were filed. It may be, and doubtless it is, true that these counts are in case, and that case may be joined with trespass in different counts in the same complaint; but it by no means follows from this that these counts do not present a new cause of action and a departure from the original complaint, and were not open to the objection made to them on that ground. Manifestly the gravamen of counts D and E is the destruction by the defendant of an alleged lien for wharfage charges on cotton seed deposited by the defendants on Water street, near the river bank, for shipment by boat. This claim could not possibly involve a trespass to realty; for, if the claim for wharfage is well founded, it must arise from a contract, express or implied, to pay such charges, and therefore rebuts the idea of a trespass being committed in placing the seed on the river bank. The counts, it appears to us, are utterly foreign to the cause of action as stated in the original complaint, and, if they present a substantial cause of action, it is an entirely new one. In respect to count F, it is not easily characterized; but it seems to·us that the gravamen of it is claim for damages for maintaining a nuisance on a public street, to the detriment of plaintiff as an abutting property owner, and it needs no argument nor authorities to show that this is absolutely foreign to anything alleged in the original complaint,

and is a departure therefrom. We are clear in our conclusion that no error was committed by the court in sustaining the motion to strike these counts.

The cause was tried on counts 1, 2, 3, 5, 6, and C, and the plea of the general issue. As has been stated, the numbered counts which compose the original complaint all claim damages for a trespass to realty. Count C was filed at a subsequent term of the court, and the gravamen of this court is the destruction of a lien for wharfage charges. The defendants moved to strike this count, and demurerd to it because of a misjoinder; but obviously the ground assigned for the motion and demurrer, "that the original counts are ex delicto, and count C is ex contractu," is not well taken. The court was confined to the specific ground stated, and committed no error in overruling it.

At the conclusion of the evidence the affirmative charge was requested in writing by the defendants, and was given, and a verdict for them was returned, and judgment followed in their favor. While it may be that there is sufficient evidence to show that a trespass was committed by the defendants on the plaintiff's lot described in the original complaint, by the wagoner going over it with defendant's wagon, yet there is an entire absence of evidence to show substantial damages to the freehold or to plaintiff's possession. Nor does the case disclose any important right to be vindicated by the awarding of nominal damages, nor could more costs than damages be recovered. Therefore, so far as the original complaint is concerned, no reversible error was committed in giving the affirmative chadge for the defendants.—*Blackburn v. Alabama Great Southern R. R. Co.*, 143 Ala. 346, 39 South. 345. So far as the case made by count C is concerned, the evidence fails to show that the plaintiff was entitled to charges for wharfage,

or that he had a lien for wharfage, and therefore fails to make case for recovery under that count. Const. 1868, art 1, § 25; Const. 1875, art. 1, § 25; Const. 1901, art 1, § 24; *City of Demopolis v. Webb*, 87 Ala. 660, 669, 6 South. 408.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.