# Vest *v.* Speakman.

## *Slander and Assault and Battery.*

(Decided Nov. 28, 1907.  44 So. Rep. 1017.)

1. *Action; Causes of Action; Joinder.*—Although the one grievance may have prompted the other, actions for slander and for assault and battery cannot be joined in the same complaint, the subject matter being entirely different. Section 3293, Code 1896.

2. *Assault and Battery; Complaint; Opprobrious Language.*—It being unnecessary to allege the use of opproprious words at the time of the assault, a count in assault and battery which alleges accompanying opprobrious words, but fails to allege in what the opprobrious language consisted, is not subject to demurrer on that ground.

3. *Damages; Special Damages; Pleading.*—Unless special damages are averred they cannot be recovered.

4. *Slander; Repetition; Malice.*—As tending to show malice, the repetition of the slander is competent evidence whether made before or after a suit brought.

5. *Evidence; Intent.*—One may not testify as to his secret intent or uncommunicated motive in doing or saying certain things.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. I. Speakman against J. W. Vest for slander and assault and battery. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count in the complaint charges slander, in that defendant said of and concerning plaintiff, falsely and maliciously, in the presence of divers persons: "You burned my barn on or about the 14th or 16th day of October." The second count is for assault and battery. The third count was for assault and battery, with the additional averment that it was committed maliciously, vindictively, and without probable cause, and accompanied with the use of opprobrious epithets, and in the presence of divers and sundry persons, and on a public street. Counts 4 and 5 are omitted from the record. Count 6 was for slander, in that the defendant spoke falsely and maliciously of and concerning plaintiff in the following language: "Did you burn my barn? Well, you know who did it"—with the further averment that defendant's barn had been burned in the nightime previous to the speaking of the words above used, and that plaintiff had no duties to perform in connection with said barn. This complaint was attacked by demurrer for misjoinder of counts, and the counts alleging assault and battery were attacked on account of containing the allegation of the use of opprobrious epithets, and that the assault and battery was committed in the

[Vest v. Speakman.]

presence of divers persons.   The other facts sufficiently
appear from the opinion.

JOHN R. SAMPLE, and WERT & WERT, for appellant.
Assault and battery or injury to real property cannot
be joined with slander or libel.—Townsend on Slander
& Libel (4th Ed.), 583.   The court erred in not requir-
ing plaintiff to set out the words used in the counts for
slander and libel.—*Watts v. Frazer,* 80 Ala. 186; *T. C.
I. & R. R. Co. v. Herndon,* 14 South. 287; *Manes v. Hen-
ry,* 96 Ala. 454.   Publication after the commencement
of an action cannot be proved in aggravation of damag-
es.—*Frazer v. McCloskey,* 60 N. Y. 337.   The court im-
properly refused to permit defendant to ask plaintiff if
he had not been convicted in the United States court for
the illegal sale of stamps.—108 Ala. 54; 100 Ala. 70;
99 Ala. 196.   Counsel discuss other assignments of er-
ror but cite no authority.

CALLAHAN & HARRIS, and E. W. GOODBEY, for appel-
lee.   No brief came to the Reporter.

DOWDELL, J.—In the complaint are joined counts
for slander with counts for an assault and battery. This
is not permissible.   An action for slander is an action
in case, while an action for an assault and battery is in
trespass.   Prior to the act of February 17, 1885 (Acts
1884-85, p. 125), and which, with a slight change, was
adopted into the Code of 1886 as section 2673, and
brought forward into the Code of 1896 as section 3293,
counts in trespass and counts in case should not be
joined in the same complaint under any circumstances,
and when so joined rendered the complaint demurrable
for misjoinder.—1 Brick. Dig. p. 24, § 51; 2 Mayfield's
Dig. p. 43, § 19.   The act of February 17, 1885, provided

as. follows: "That counts in trespass and counts in trespass on the case may be joined in the same action when the counts so united relate to the same injury or subject-matter." This act, as adopted into Code 1896, § 3293, reads as follows: "Counts in trespass and in trespass on the case may be joined, when they relate to the same subject-matter." Thus it will be seen that the change made in the original act, when first adopted into the Code of 1896, the only change from the former Code was in providing for the joinder of trover with trespass and trespass on the case. It is manifest that it was not the purpose of the statute, as originally enacted, or as adopted into the several Codes, to authorize the joinder in the same complaint of counts in trespass and trespass on the case under all circumstances, but only when the two related to the same subject-matter. It is equally clear that the action for slander, which is in case, and the action for an assault and battery, which is in trespass, do not relate to the same subject-matter; but the subject-matter of the two is entirely distinct. That the one grievance may have prompted and occasioned the other does not render the subject-matter of the two actions the same. The court erred in overruling the demurrer to the complaint for a misjoinder, and for this error the judgment must be reversed.

The counts of the complaint, after the amendment of the sixth count, in other respects were not subject to the demurrers on the grounds specified. It was not necessary, in the count for an assault and battery, to allege the use of opprobrious language at the time of the assault, and hence the failure to state in what the opprobrious language consisted did not render the count demurrable.

The rule is too well established, to call for citation of authority, that special damages are not recoverable un-

[Williams v. Ragan, et al.]

less averred in the complaint. It is likewise well settled that in actions for slander it is competent to prove a repetition of the slander, and this for the purpose of showing malice; and this may be done, whether the repeating of the alleged slander was before or after suit commenced. Another proposition well settled in law is that a party testifying as a witness in his own behalf cannot testify as to his secret intentions in the doing or saying of a thing.

There are numerous assignments of error on the record, but the most of them are expressly abandoned by counsel in their brief; and, since the judgment must be reversed and the cause remanded for the error pointed out, we deem it unnecessary to say more than we have said for the purposes of another trial. The complaint will have to be amended by striking out one or the other causes of action, and, when so done, upon another trial, questions other than those noticed may not arise.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.