# H. H. Hitt Lumber Company *v.* Sherman.

*Trover and Conversion.*

(Decided November 17, 1914.  66 South. 639.)

1. *Pleading; Demurrer; Construction.*—Where demurrer is interposed to pleading, all reasonable intendments must be resolved against such pleading.

2. *Same; Grounds.*—Under the rule that distinct torts of the same nature, on all of which the same judgment may be given, may be joined in separate counts in the same action, but not in one count, a complaint alleging in one count two separate and distinct torts for the conversion of logs at different times is subject to demurrer.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Trover and conversion by S. N. Sherman against the H. H. Hitt Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

CALLAHAN & HARRIS, for appellant.

O. KYLE, for appellee.

DE GRAFFENRIED, J.—In this case we confine our attention to the complaint as amended, to which there were two counts. In the first count the plaintiff charged that the defendant converted, "on or about the 23d of November, and 16th to 18th of December, and 28th to 30th of December, 1911, and on, to wit, the ——— days of April, May, June, and July, 1912," 85,-900 feet of white oak and red oak logs, the property of the plaintiff. The second is similar to the first, except that, instead of charging a conversion, the count charges that the defendant wrongfully took, at the times above mentioned, 65,900 feet of white oak and red oak logs, the property of the plaintiff. There was a demurrer to each count of the complaint as amended, and the demurrer raises the question determined below.

1. At least two separate and distinct torts are charged in each of the counts of the complaint as amended. Read in connection with the subject of which they treat—"logs"—it is impossible to reasonably construe the language of the complaint as meaning other than that part of the logs included in the 65,900 feet of logs, were converted prior to January 1, 1911, and the other part in the spring and summer of 1912, and, on demurrer, all reasonable intendments must be resolved against the pleading attacked. Distinct torts of the same nature and upon all of which the same judgment can be given may be joined in separate counts in

[Davis v. Drennen Company Department Store.]

the same action, but they cannot be joined in one count. —*L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, 18 South. 110. The complaint was subject to the demurrer of the defendant.

2. If the defendant is liable to the plaintiff, his liability must be worked out according to the undisputed evidence in the case; not through one alleged continuous tort, but to at least two alleged separate torts growing out of at least two separate purchases of logs by the defendant from one Seeley. We refer to this for the purpose of indicating that the evidence in the case shows just such a state of facts as to the separateness of the alleged torts as one would naturally expect it to show upon reading the complaint as amended.

The above being our conclusion, it follows that the judgment of the court below must be reversed, and the cause remanded to the court below for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.