(84 South. 827)

## LOUISVILLE & N. R. CO. v. ECHOLS.
### (8 Div. 160.)

(Supreme Court of Alabama. Dec. 18, 1919. Rehearing Denied Feb. 4, 1920.)

1. ABATEMENT AND REVIVAL ☞74(3)—JUDGMENT OF REVIVAL NEED NOT BE ENTERED WITHIN 12 MONTHS.

Where the death of original plaintiff was suggested to the trial court within 12 months after the death, as required by the statute, the actual judgment of revival need not be entered within the 12-months period.

2. PLEADING ☞193(6), 362(2)—MOTION TO STRIKE PROPER REMEDY FOR COUNT IMPROPERLY ADDED.

A motion to strike, not a demurrer, is the appropriate remedy to eliminate a count improperly added to the complaint by amendment.

3. LIMITATION OF ACTIONS ☞180(7), 182(2)—OBJECTION THAT ACTION FOR DEATH UNDER FEDERAL EMPLOYERS' LIABILITY ACT WAS TOO LATE NEED NOT BE PLEADED.

Employers' Liability Act U. S. § 6 (U. S. Comp. St. § 8662), providing that no action shall be maintained unless commenced within two years, limits the right of action, and is not merely a bar of the remedy, so that it need not be pleaded, and the objection that a count added by amendment to recover under that act was too late can be raised by motion to strike the count, and by request for the affirmative charge.

4. LIMITATION OF ACTIONS ☞127(5) — COMPLAINT MAY BE AMENDED AFTER LIMITATION TO AVER INTERSTATE CHARACTER OF EMPLOYMENT.

A complaint for injuries to a railroad employé, which was silent as to whether his employment was interstate or intrastate, may be amended, after expiration of the two years within which to bring an action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), to allege that the employment was interstate.

5. DEATH ☞82 — DAMAGES FOR SUFFERING AND DEATH RECOVERABLE IN ONE ACTION UNDER FEDERAL ACT.

Under Employers' Liability Act U. S. § 9, as added in 1910 (U. S. Comp. St. § 8665), providing that the right of action for injuries shall survive to personal representative, but that there shall be only one recovery for the same injury, the personal representative of a railroad employé, who lived four years after injury and then died as a result thereof, may recover in one action for the suffering of the employé caused by the injury, for damages to employé resulting from permanent injuries, and for damages to his next of kin resulting from the death.

6. LIMITATION OF ACTIONS ☞127(6)—AMENDMENT TO RECOVER FOR DEATH SUBSEQUENT TO SUIT NEED NOT BE MADE WITHIN TWO YEARS AFTER DEATH.

Where an injured interstate employé died while his action to recover for his injuries was pending, an amendment to the complaint, adding counts to recover for the death, need not be filed within the two years after the death limited by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for commencing actions thereunder.

7. APPEAL AND ERROR ☞1213 — DECISION THAT EVIDENCE DID NOT SHOW NEGLIGENCE CONCLUSIVE ON SUBSEQUENT TRIAL, WHERE EVIDENCE WAS THE SAME.

Where the Supreme Court had held that the evidence did not warrant a finding of negligence by an employé as alleged, and on a subsequent trial, after the death of original plaintiff, the testimony of the plaintiff at the former trial, which alone related the circumstances, was repeated, it was error for the trial court to submit to the jury the issue of negligence by the employé in question.

Sayre and Somerville, JJ., dissenting in part.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by John Gray against the Louisville & Nashville Railroad Company for damages for personal injury, revived after the death of the original plaintiff in the name of J. L. Echols as administrator. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The original action was filed October 7, 1912. Count 4 was filed July 23, 1918, and is as follows:

Plaintiff, as such administrator of the estate of John Gray, deceased, suing for the benefit of Maggie Gray, as surviving widow of John Gray, and for Sadie Gray, the minor child of said John Gray, claims of the defendant the sum of $15,000 as damages, for that on, to wit, August 28, 1912, the defendant was engaged, among other things, in the business of a common carrier of freight between the state of Alabama and other states in the United States by means of a steam railway; that said John Gray was an employé of the defendant, and then engaged in and about his duties in interstate commerce, in that he was engaged in inserting a carter key in the end of a brake beam on the left side of the engine of defendant, then being used by defendant in interstate commerce; that at the time and place aforesaid, and while said Gray was employed as aforesaid, he had his back bruised and mashed, his hips bruised and crushed, and the bones of his body broken, and was made to suffer great mental and physical pain, and caused to incur large doctors' bills, and nurse hire, and was disabled for life from earning a living, and was permanently injured, by reason of and as a proximate result of said injuries, and said Gray continued to suffer and grow weaker, and because of which he finally died, June 6, 1916. And plaintiff avers that the decedent's injuries were caused by a hostler in employ of the defendant, who then and there had charge or control of an engine of defendant operated on and over the same tracks upon which this plaintiff's intestate was engaged in his duties as aforesaid. Plaintiff avers that

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said hostler in charge of said engine negligently caused or allowed said engine to strike against a locomotive engine tank on said track, so that said tank was hurled or propelled against the engine about which said Gray was at work as aforesaid, and thereby pushing, or knocking said engine against or upon said Gray, and proximately caused the injuries to Gray as hereinbefore alleged. Plaintiff alleges that said Gray supported his said wife and child, and that he was attentive to his child, and active in giving her training, care, advice, instruction, and guidance, and in and by his death said child was deprived of her father's support, and lost the value of such advice, care, training, instruction, and guidance, and his wife lost said support.

This is the same injury counted in the counts 1, 2, A, and B in the original complaint.

Eyster & Eyster, of Albany, for appellant. On the question of the amendment worked by counts 4 and 5 constituting a departure, counsel cite 195 Ala. 387, 70 South. 655, Ann. Cas. 1917E, 292; 190 Ala. 134, 67 South. 256; 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1133, Ann. Cas. 1914C, 156; 227 U. S. 434, 33 Sup. Ct. 274, 57 L. Ed. 586; 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1009; 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 984; (D. C.) 241 Fed. 402; 17 Okl. 518, 87 Pac. 645, 33 L. R. A. (N. S.) 1096; 188 Ala. 278, 66 South. 16, Ann. Cas. 1916E, 900. Appellant was entitled to the affirmative charge as to counts 4 and 5. 199 Ala. 114, 74 South. 229; 197 Ala. 666, 73 South. 386; 164 Ala. 107, 51 South. 147; 111 Ala. 303, 18 South. 666. As to measure of damages under federal Employers' Act, see 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160; 194 Ala. 51, 69 South. 128; 160 Iowa, 524, 142 N. W. 67, 47 L. R. A. (N. S.) 28.

S. A. Lynne, of Decatur, for appellee. On the statutes of limitations, appellee cites 169 Ky. 593, 184 S. W. 1108, L. R. A. 1918F, 1214; 246 U. S. 653; 182 Mich. 564, 148 N. W. 769, L. R. A. 1916B, 318; 134 Tenn. 666, 185 S. W. 677, L. R. A 1918C, 1120, Ann. Cas. 1917D, 902; 210 Fed. 764, 127 C. C. A. 311; 115 Miss. 493, 76 South. 525; 226 U. S. 575, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; 154 Ala. 586, 45 South. 686. On the question of damages, counsel cite 69 Cyc. 128; 241 U: S. 485, 36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1164. The motion to revive came in time. 202 Ala. 80, 79 South. 474. The amendment related back. 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; 167 Ala. 351, 52 South. 426; 177 Ala. 107, 58 South. 330; 192 Ala. 629, 69 South. 57.

McCLELLAN, J. Previous appeals in the course of this litigation are reported in Louisville & N. R. R. Co. v. Gray, 191 Ala. 514, 67 South. 687, and in 74 South. 228,[1] the later report containing an extended statement of the circumstances under which Gray, an employé in defendant's (appellant's) shops at New Decatur (now Albany), Ala., was injured on, to wit, August 24, 1912, and from which injury it is averred in amended counts 4 and 5 and shown by tendencies of the evidence, he died on June 5 or 6, 1916. The report of the appeal will contain count 4, added by amendment, which, for all presently practical purposes except as otherwise later stated, is the same as count 5.

The injured employé, Gray, instituted his action for damages on October 7, 1912, approximately 44 days after the date on which he was injured. There were two trials of his action in the court below, and reversal by this court of the judgment in each. The original complaint, together with its amendment, effected while the original plaintiff was living, consisted of five counts. In none of them was it averred in any way that Gray was, when injured, engaged in a service referable, discriminatively, either to intra- or interstate commerce. All of these counts were, as we interpret them, silent in that respect. The interpolation therein of an averment that the engine upon which Gray was at the time at work was an instrumentality of the carrier's service in interstate commerce would not have introduced an allegation inconsistent with any other averment in these five counts. The averment common to these five counts, that the defendant operated a line of railway through Morgan county, Ala., or through the town in which its shops were located, was an allegation not at all inconsistent with the interstate service expressly averred in counts 4 and 5, introduced by an amendment allowed by the court below after the death of the plaintiff, Gray.

It is true this court on last appeal referred to counts composing the original complaint, and its amendments effected during the life of the original plaintiff, as declaring upon causes of action under the Alabama employers' liability statute (Code 1907, § 3910); but this pronouncement did not involve the discriminative consideration that is now required, there being no suggestion in the record on either of the trials in the court below, or on review here, that the service in which Gray was engaged when he was injured was related in any way to interstate commerce, and hence subject to the control of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). So the amended complaint stood at the time of the death of the original plaintiff, employé, as not expressly declaring upon or under the Alabama or the federal statute, but as, and only, aver-

[1] 199 Ala. 114.

ring facts descriptive of the quo modo and means of his injury, and attributing the injury to culpable conduct or omission of co-employés whose particular dereliction, if established, may have been such under either the Alabama or the federal act, provided the evidence subsequently taken did not assign their asserted faults to the control, paramount and exclusive (Ex parte A. C. L. R. Co., 190 Ala. 132, 67 South. 256; L. & N. R. Co. v. Carter, 195 Ala. 383, 70 South. 655, Ann. Cas. 1917E, 292), of the federal act. This status, existing at the time of the death of the original plaintiff, will be later adverted to in another connection.

[1] It appears from the record that the death of the original plaintiff was suggested to the trial court wherein this action was pending on January 6, 1917, approximately 6 months after the death of the original plaintiff. On that date, January 6, 1917, the court ordered "that said cause be revived in the name of the personal representative, when made known." The Alabama statute governing the revivor of actions in these circumstances requires the suggestion of death and motion to revive to be submitted to the court in which the case is pending within 12 months after the death of the party, and it has been expressly decided that the actual judgment of revival need not enter within the 12 months period, in order to perfect the substitution of the personal representative for the original party. Ex parte Meador, 79 South. 474.[2] Thus it appears that the action originally instituted by Gray was seasonably and effectually revived in the name of his personal representative, the present appellee.

The amendment, allowed and effected on July 23, 1918, by Gray's personal representative (appellee), introduced, as stated, counts 4 and 5. The verdict of the jury referred and restricted the conclusion of liability to these counts (4 and 5), alone. Count 4 ascribed Gray's injury in August, 1912, and his death in 1916 from that injury, to the negligence of a hostler, Taylor, in moving a live engine against the unattached and slightly separated tender of the dead engine (assigned to and used in interstate service) upon which Gray was averred to have been then engaged in repair work at the roundhouse of the defendant. Count 5, after like allegation of the facts, ascribed Gray's injury, and death 4 years later, to the negligence of defendant's foreman, Weatherly, in directing the hostler to move the live engine against the tender of this dead engine without proper care to warn Gray, or to conserve the safety of Gray, whose presence about the dead engine, in a position of danger if it was moved, was known, or should, by the exercise of due diligence, have become known, to

[2] 202 Ala. 80.

Weatherly before he gave the order or signal to the hostler Taylor, to move his engine to an impact with the nearby tender of the dead engine.

[2, 3] Under our practice, motion to strike, not demurrer, is the appropriate method to eliminate a court improperly added by amendment. Springfield Ins. Co. v. De Jarnett, 111 Ala. 248, 256, 257, 19 South. 995; N., C. & St. L. Ry. v. Parker, 123 Ala. 683, 689, 27 South. 323; W. U. Tel. Co. v. Crumpton, 138 Ala. 632, 641, 36 South. 517. The defendant moved the court to strike counts 4 and 5, added by amendment on July 23, 1918, on the grounds that they were a departure from the cause of action declared on in the original complaint and its amendment effected during the life of the plaintiff, Gray, and that the cause of action asserted in counts 4 and 5, declaring expressly under the federal Employers' Liability Act for the death of Gray, was barred by the limitation of two years fixed in section 6 of the federal act; the amendment, adding these counts (4 and 5), not being effected until more than 2 years after the death of Gray in June, 1916. The trial court overruled the motion. Since the provision in the federal act (section 6), "that no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued," operates to define and limit the right, not simply in bar of the remedy, and hence is not, strictly speaking, a statute of limitation required to be specially pleaded (Thornton's Fed. Emp. Liab. Act [3d Ed.] § 138 and notes), the like question, predicated of defendant's view of the effect of the limitary period prescribed in section 6 of the federal act, was raised by general affirmative instruction against a recovery on counts 4 and 5, which the defendant requested and the court refused. The argument for appellee, that the question indicated was not effectually raised, is not well founded.

The rulings of the trial court, allowing the amendment adding counts 4 and 5, overruling the motion to strike these counts, and refusing general affirmative instructions against a recovery upon these counts, were correctly made, under the doctrine of the authority afforded by St. Louis, etc., Ry. v. Craft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160, particularly in the approval there given of North. Pac. Ry. v. Maerkl, 198 Fed. 1, 117 C. C. A. 237, and M., K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, and B. & O. R. Co. v. Smith, 246 U. S. 653, 38 Sup. Ct. 335, 62 L. Ed. 922, affirming, on error, the decision in that case of the Kentucky Court of Appeals, reported in 169 Ky. 593, 184 S. W. 1108, L. R. A. 1918F, 1205, especially page 1214. The doctrine of these cases appears to be supported by others therein cited.

Section 9 of the amended (in 1910) federal Employers' Liability Act provides:

"That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the same injury."

[4] It is manifest from the very terms of this section (9) that the cause of action upon which Gray declared in 1912, and which he sought for approximately 4 years to have vindicated in the courts of this state, survived to his personal representative (appellee), and was not abated by Gray's death. St. Louis, etc., Ry. v. Craft, supra, 237 U. S. 658, 35 Sup. Ct. 704, 59 L. Ed. 1160. If the revivor of the action in the name of Gray's personal representative had been accomplished, and the amendment by the addition of counts 4 and 5 had not been proposed, the appellee would have been entitled to proceed to trial and appropriate judgment, one way or the other, on the issues arising out of the injury Gray, himself, declared on originally in 1912, and the complaint as formed at the time Gray died might have been amended by the personal representative so as to aver the interstate character of the service Gray was performing, when the injury was suffered, on an instrumentality assigned to and used in interstate commerce, and, if any count of the thus amended complaint (omitting all claim for damages for Gray's death) was sustained by the evidence, the personal representative would have been entitled to recover damages resulting to Gray in his lifetime. St. Louis, etc., Ry. v. Craft, supra; North. Pac. Ry. v. Maerkl, supra.

[5] Now, the amendment affected by the addition of counts 4 and 5 asserted the personal representative's claim not only for damages Gray might have recovered had he lived, but also damages consequent upon Gray's death from the same wrong to which Gray's injuries in 1912 were ascribed in the original pleading and its amendment during Gray's lifetime. In North. Pac. Ry. v. Maerkl, supra, where the defendant's motion sought compulsory election on the part of the personal representative, in whose name revivor was effected, between the "cause of action" originally declared on by the injured employé, who died after suit brought, and the "cause of action" asserted in the amended complaint, for the death of Maerkl, the Circuit Court of Appeals held there was no duty to elect; that the amended federal act (section 9) required the personal representative to recover "in one action only," if at all, for the benefit of those specified in the statute. The theory of this decision, sub-

sequently approved in the Craft Case, seems to have been that the amended federal act (section 9) clothed the personal representative with the authority and imposed the correlative duty, to proceed "in one action only" to enforce the two distinct claims for damages resulting from, consequent upon, the "same wrongful act or neglect." From the Craft Case, supra, we may quote this presently apt expression:

"Much stress is laid upon the concluding clause in the new section, 'but in such cases there shall be only one recovery for the same injury.' Passing and reserving the question of its application where there has been a recovery by the decedent in his lifetime (see Michigan Central R. R. v. Vreeland, supra, 227 U. S. 70), we think this clause, as applied to cases like the present, is not intended to restrict the personal representative to one right to the exclusion of the other, or to require that he make a choice between them, but to limit him to one recovery of damages for both, and so to avoid the needless litigation in separate actions of what would better be settled once for all in a single action. This view gives full effect to every word in the clause and ascribes to it a reasonable purpose without bringing it into conflict with other provisions the terms of which are plain and unequivocal. Had Congress intended that the personal representative should make an election between the two rights of action and sue upon one only, it is not easy to believe that it would have chosen the words in this clause to express that intention."

[6] In such state of statutory provision and interpretation it cannot, we think, be soundly, generally affirmed that two distinct causes of action, made so alone by the subsequent death of the injured employé are created by the federal act, where the "same wrongful act or neglect" caused both the injury and, after a legally appreciable period, the employé's death. It follows that the delay, in this instance over two years after Gray's death, in introducing into the pleadings in the pending action a claim for the damages consequent upon Gray's death in June, 1916, was not offensive to the 2-year limitation fixed in section 6 of the amended federal act, did not operate a departure in law or fact, and the amendment introducing counts 4 and 5 must be referred for its relation to the time, after Gray's death, when it might first have been constituted a part of the pleading in the cause. This conclusion accords with that stated, in a pertinent particular, in B. & O. R. R. Co. v. Smith, 169 Ky. 593, 184 S. W. 1108, L. R. A. 1918F, 1214, and 246 U. S. 653, 38 Sup. Ct. 335, 62 L. Ed. 922. Of course if no action for the "same wrongful act or neglect" had been pending the while, the failure of the personal representative to institute an original suit within the 2-year period after Gray's death in 1916 would have concluded the right to recover in any event.

This personal representative, suing through counts 4 and 5 for the benefit of Gray's widow and minor child, claims damages for the mental and physical suffering endured by Gray during the period intervening between his injury in 1912 and his death in 1916, the pecuniary loss resulting from Gray's permanent injury and consequent inability to earn money, and the loss accruing to his widow and minor child from Gray's death in 1916. The court recognized the right of the plaintiff (administrator) to recover, in the one action, for these several elements of damage. In so instructing the jury, the court conformed its direction in this particular to the amended federal Employers' Liability Act as construed in St. Louis, etc., R. Co. v. Craft, supra. These several elements of damage were correctly claimed by the personal representative as plaintiff for the benefit of the beneficiaries named in counts 4 and 5. Our case of L. & N. R. Co. v. Fleming, 194 Ala. 51, 69 South. 125, holds nothing to the contrary.

[7] On former appeal (L. & N. R. Co. v. Gray, 74 South. 228 [3]) this court, after exhaustive review, thought the evidence did not sustain, in any degree, the charge that negligence characterized the conduct of the hostler, Taylor, in respect of Gray's injury. The writer, with Justice Gardner, entertained the view that the question of Taylor's culpability in the premises was properly submitted to the jury, and hence dissented. Gray having died, his evidence on former trial was recited by a competent witness. Since there is not disclosed any controlling difference between the evidence presented on last appeal and that presented on this appeal in respect of the negligence ascribed to the hostler, Taylor, in count 4 of the amended complaint, it was reversible error to refuse the general affirmative charge, requested by defendant (appellant), concluding against the right to recover under count 4 of the amended complaint; this upon the authority of pronouncements made on former appeal. 74 South. 228.[3] We repeat, as declared on former appeal, that the issue of negligence vel non on the part of Weatherly, as averred in count 5 of the amended complaint, was, under the whole evidence, due to be submitted to the jury. The court did not err in refusing the general affirmative charge concluding against a recovery under count 5 of the amended complaint.

There was no error committted in the rulings on the admission of evidence. For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, and BROWN, JJ., concur in the foregoing opinion.

SAYRE and SOMERVILLE, JJ., concur in the result, but dissent upon the question of the amendment effected by the appellee.