(129 So. 574)

### RICHARDSON v. BROTHERHOOD OF RAILROAD TRAINMEN et al.

6 Div. 601.

Supreme Court of Alabama.

May 1, 1930.

Rehearing Denied June 26, 1930.

W. A. Denson, of Birmingham, for appellant.

Crampton Harris, of Birmingham, for appellees.

FOSTER, J.

The facts upon which the libel is claimed in this case are substantially the same as those in the case of Weir v. B. R. T., Sixth Division Two Hundred and Twenty-two, 129 So. 267.[1] The plaintiff in this case claims that he suffered damages by reason of the same communication described in that one.

[1] Post, p. 494.

450

The court in that case concluded from the evidence that it did not show a publication of the alleged libelous matter in Jefferson county, Ala., as alleged in the complaint.

The same result follows in this case, for in that respect the evidence is substantially the same.

We therefore pretermit all other questions. Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

BROWN, J., not sitting.

On Rehearing.

FOSTER, J.

Counsel for appellant contend that the opinion in the case of Weir v. Brotherhood of Railroad Trainmen et al., 129 So. 267,[1] upon which we relied in affirming the judgment in this case, did not give proper application to the principle long established at common law that "proof that the libel is in the handwriting of the party goes far in fixing him with his publication," and when the plaintiff has proved this [defendant's handwriting], he has, *if the county is not material*, made out such a prima facie case as entitles him to have the contents 'read in evidence." 2 Starkie on Evidence, pp. 619, 620; Regina v. Lovett, 9 Car. & Payne, 462, and supported by many other authorities.

■But there is another rule which has application, and which this court has approved to the effect that defendant is not responsible for the repetition of a slander uttered by him, when such repetition is without the authority or request of defendant. Age-Herald Pub. Co. v. Waterman, 188 Ala. 272–287, 288, 289, 66 So. 16, Ann. Cas. 1916E, 900; Hereford v. Combs, 126 Ala. 369, 28 So. 582; Donaldson v. Roberson, 15 Ala. App. 354, 73 So. 223. The authorities supporting this view are cited and discussed in those cases.

The question we have is whether there was a publication (a) in Jefferson county, Ala., and (b) by defendant.

The alleged libel consists of a letter alleged to have been written by Roy C. Smith, an officer or employee of defendant, to defendant's president. It purports to have been written in Atlanta, Ga., addressed to W. G. Lee, the president of defendant at Cleveland, Ohio. There is then what purports to be a letter from the latter to one Morey at Springfield, Mo. The latter is supposed to be a subordinate officer or employee of defendant. The letter to him refers to the Smith letter being forwarded in confidence, and gives the consent of the president to Morey, if he felt justified, to read to President Kurn or the general manager, of the Frisco, any part of the letter, with the understanding that the source of the information will be treated

strictly confidential. After this, copies of the letter came to Birmingham by mail, some from Buffalo, N. Y., the home office of the Switchmen's Union, and others are in possession of Birmingham men, without evidence of how they were procured, and the original is brought to Birmingham from Buffalo by the president of the Switchmen's Union, and delivered to plaintiff's counsel.

■ Upon the principles of law we have stated, the jury could infer, and perhaps presume, based upon a belief that Smith wrote the letter, and that Lee wrote the other to Morey, that it was published by Smith in sending it from Atlanta to Cleveland, and by Lee in sending it from Cleveland to Springfield, and that Lee's act in doing so, as he may have been found to be president of defendant, may be found by the jury to have been the act of defendant. The question of privilege is not now being discussed, but only a publication in Jefferson county, Ala. There may, therefore, aided by the presumption referred to, be evidence sufficient to find a publication by defendant, in sending the letter by Lee to Morey, but that was not in Alabama. In doing this, the only authority given him was to read, in confidence, to the officers of the Frisco, parts of it. If Morey did more than that, it was not authorized by president Lee, nor otherwise by defendant, so far as the evidence shows. There is no presumption that he did more than that. But if he did, and sent copies to Jefferson county, it is not shown or presumed that he had authority to do so, but the contrary appears. His doing so, if he did, was his own act, and was a repetition of the alleged libel without authority or consent so far as the evidence shows. If the Frisco people sent copies into Jefferson county, it was likewise a repetition, without evidence of such authority or consent, and in violation of Lee's instructions. If Morey gave the original to the president of the Switchmen's Union, and he sent copies in Jefferson county, and brought the original there, it was done without evidence of any authority from defendant.

■ So that if we assume that the proof of Smith's handwriting may create a presumption that he published it, there is no presumption that he did it in Jefferson county on the evidence we have related. If the proof shows prima facie that Lee sent it to Morey, that may be a presumption of publication, but not in Jefferson county. But the existence of copies in Jefferson county (which are repetitions) does not create a presumption that such repetitions were by defendant's consent, especially as the only evidence on that subject is that Morey may read parts of the letter to Frisco men in confidence.

In view of the testimony of Weir that Cashen, president of the Switchmen's Union, brought the original letter from Buffalo to Birmingham, we felt justified in construing

[1] Post, p. 494.

the testimony of Parker to refer to a copy of the letter, as did the other witnesses. But if he referred to the original, the evidence does not show that Morey to whom it is alleged Lee sent it had any authority to repeat the publication other than to read parts of it to the Frisco men in confidence. If he sent or caused it to be sent to Parker, his act in doing so was not authorized by the instructions given him in writing by Lee, the president.

Proof of Smith's handwriting, and the authorship of the Lee letter to Morey, do not justify the presumption under the rules stated that Morey, or any one else with authority, sent it to Jefferson county, Ala. The proof of Smith's handwriting, and of possession by Lee, under the rule of law, create a presumption that Smith sent it to Lee, and to that extent published it. The authorship of Lee's letter to Morey may be sufficient to justify an inference that Lee sent it to Morey, and thereby published it. But from none of such facts is there a presumption that it was sent either in original form or in copy into Jefferson county, Ala., by authority of defendant. From the evidence, this would be a repetition. There is no presumption that a repetition was authorized.

Our judgment is that the conclusion reached is well sustained, and the application for rehearing is overruled.

