BRIDWELL v. BROTHERHOOD OF RAIL-
ROAD TRAINMEN et al.

6 Div. 973.

Supreme Court of Alabama.
Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

W. A. Denson, of Birmingham, for appellant.

Crampton Harris, of Birmingham, for appellees.

FOSTER, Justice.

This case seems to be based upon the same letter alleged to contain libelous matter referred to in Collins v. Brotherhood of R. R. Trainmen, 226 Ala. 659, 148 So. 133; Weir v. Brotherhood of R. R. Trainmen, 221 Ala. 494, 129 So. 267; Richardson v. Brotherhood of R. R. Trainmen, 221 Ala. 449, 129 So. 574.

The suit was filed September 24, 1924. It alleged that the matter was published, without stating where or when it was published. Demurrer to each of the counts was sustained January 12, 1931. On the same day plaintiff amended certain counts of the complaint to make them allege that the publication "was made in Jefferson County, State of Alabama, and other places unknown to plaintiff," on December 12, 1923, and other dates unknown to plaintiff.

The matter referred to as containing the libel was a letter purporting to be signed by Roy C. Smith at Atlanta, Ga., addressed to W. G. Lee, Cleveland, Ohio, dated December 12, 1923, and which was referred to as inclosed in a letter dated December 18, 1923, purporting to be signed by W. G. Lee at Cleveland, Ohio, addressed to F. W. Morey, Springfield, Mo.

Plaintiff, on January 13 and 14, 1931, further amended the complaint by adding separate counts, some alleging that the publication was in Atlanta, Ga., on December 12, 1923, the purported date of the letter from Smith to Lee. Others alleged the publication to have been in Cleveland, Ohio, December 18, 1923, the date of the letter from Lee to Morey. Others fixed it at Springfield, Mo., December 20, 1923, to which city the letter of Lee to Morey was addressed. Others, respectively, at St. Louis, Mo., Buffalo, N. Y., and Birmingham, Ala., giving different dates.

The court sustained an objection to the allowance of all the amended counts which did not allege that the publication was in Birmingham, thereby excluding all those counts which alleged that the publication was in some other state than in Alabama. This ruling is now before us for consideration. Section 9513, Code, authorizes an amendment by adding new counts which could have been included in the original complaint, and provides that they shall not.be held to relate to new or other causes of action, so long as they refer to the same transaction and parties as the original, and if this is not apparent on the face of the pleading, it shall be a question of fact for the jury. Cowart v. Aaron, 220 Ala. 35, 123 So. 229; First National Bank v. Morgan, 213 Ala. 125, 104 So. 403.

It is apparent upon the face of the pleading that the several counts refer to the same letter as containing the libelous matter. But they allege a publication of it by defendant, or under its authority, at the separate times and places. We note that up to January 12, 1931, the complaint did not state the time and place of the publication. When on that day the court sustained demurrer to the complaint, plaintiff amended counts 1, 3, 5, 6, and 9 by adding the place of the publication to be Jefferson county, Ala., and other places unknown to plaintiff, and that the time was December 12, 1923, and other dates unknown to plaintiff. As thus amended, the court on the same day overruled demurrers to counts 1, 3, 5, 6, and 9. It was on the next succeeding days, January 13 and 14, 1931, that plaintiff filed the counts to which objection was sustained fixing the publication in the various other states and cities, and at other designated times. While there intervened some other pleading, it all seems to have occurred at the same trial.

We see no reason under such circumstances why there should be a difference in principle whether new counts were filed at the same moment when the amendment was first made fixing the place in Jefferson county or on the next and succeeding days during the continuance of the same trial. So that we think the question should be treated as though all the new counts were filed at the same time as the amendment to those originally filed. But if otherwise treated, we note that the first amendment did not indicate that the purpose of the original complaint was to limit the place and date of publication to Jefferson county on December 12, 1923. That amendment, if treated as in-

dicative of the purpose of the original complaint, shows on its face that other places and times were included, though as there alleged they were unknown to plaintiff. The various other counts which were stricken therefore were all consistent with the theory of the complaint as originally filed and as first amended. Louisville & N. R. R. Co. v. Echols, 203 Ala. 627, 84 So. 827.

Appellee makes the point that the original complaint was intended to charge a publication in Jefferson county, Ala., on December 12, 1923, and that each of the amended counts which were stricken shows a distinct and new cause of action, which it is argued cannot be added by amendment; but, if so, it does not relate back to the filing of the complaint. Based upon those two theories and others, to be discussed, appellee seeks to uphold the ruling of the court sustaining objection to them.

■ But section 9513, Code, as it has appeared since the adoption of the Code of 1907, permits the addition by amendment of new counts which add new and distinct causes of action which could have been joined in the suit at the beginning, but their filing does not relate back to the date when the suit was begun to influence the statute of limitations when not referring to the same transaction. Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804; Haynes v. Phillips, 211 Ala. 37, 99 So. 356; Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

■■ But it is permissible to join in separate counts distinct torts of the same nature, each furnishing a separate and distinct cause of action. McDougal v. A. G. S. R. R. Co., 210 Ala. 207, 97 So. 730; Peck v. Henderson, 218 Ala. 233, 118 So. 262; Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826; Hitt Lumber Co. v. Sherman, 189 Ala. 681, 66 So. 639; Louisville & N. R. R. Co. v. Cofer, 110 Ala. 491, 118 So. 110; Mohr v. Lemle, 69 Ala. 180; Alabama G. S. R. R. Co. v. Shahan, 116 Ala. 302, 22 So. 509. This is said to be true when each arises from a different publication of the same libel. 37 Corpus Juris, 21. Williams v. A. C. O. Co., 152 Ala. 645, 44 So. 957, and Vest v. Speakman, 153 Ala. 393, 44 So. 1017, relate to causes of a different nature.

■ In Age-Herald Publishing Co. v. Waterman, 188 Ala. 272, 66 So. 16, Ann. Cas. 1916E, 900, the complaint as first filed fixed the place and time of the publication as in Birmingham on May 28, 1910. Amendments were filed more than a year after the publication, alleging publication of the same article in a Memphis, Tenn., newspaper induced by defendant. There was no question as to the propriety of the amendment, but it was held that they stated different causes of action, and were subject to a plea of the statute of limitations of one year. Not considering the statute of limitations for the moment, we think it clear that our statutes and decisions permit the filing of such an amendment, when the different or distinct cause is set forth in a separate count, and is such as that it could have been "included in the original complaint."

■ The point is also made that the various amended counts which were stricken show that the causes of action arose under different jurisdictions, and that to join them would bring about the confusion of having each controlled by different principles of law peculiar to each separate state. It is likewise true that when several counts join distinct causes of action, all governed by the laws of the same state, they are tried each without reference to the other, controlled by different principles and defenses. We do not see that thereby any less confusion exists than when each count is governed by the laws of different states. It is the difference in the applicable principles which gives rise to the argument, not the difference in the jurisdictions which enacted such principles.

Section 5681, Code, permits suits in Alabama on all causes which originated in another state either by common law or statute. Even without a statute, a suit for libel, actionable at common law, when published in a common-law state, would probably be held to be actionable in Alabama, also a common-law state. 37 Corpus Juris p. 18, § 320; Piplack v. Mueller, 97 Fla. 440, 121 So. 459.

The several counts in the instant case relate to Georgia, Ohio, Missouri, and New York. They are all common-law states. 12 Corpus Juris, 201; Peet v. Hatcher, 112 Ala. 514, 21 So. 711, 57 Am. St. Rep. 45; Hawley v. Bibb, 69 Ala. 52; Watford v. Alabama & Fla. Lumber Co., 152 Ala. 178, 44 So. 567. The matters set forth in them are actionable at common law, if at all. 36 Corpus Juris, 1149, 1152. So that we cannot sustain appellee in this contention.

Upon the question of the statute of limitation and the right of the court to sustain the objection on that ground, we agree, as we have said, that added new causes of action not referring to the same transaction as described in the original complaint do not relate back to the institution of the suit. Section 9513, Code.

■ The original complaint was in all respects, here material, the same as such amended counts, except in respect to the place and time. If the original complaint had named a place and time of the publication, added counts giving different places and times would not relate back, as was held in Age Herald Publishing Co. v. Waterman, 188 Ala. 272, 278, 279, 66 So. 16, Ann. Cas. 1916E, 900. But the original complaint did not name a place and time and if it had thus remained at the trial, plaintiff could have proven his

case by showing a publication in any state, whether Alabama or some other. When the first amendment was made the time and place were still not limited to Alabama and December 12, 1923; for it avers that other places and times existed; and at the same term of the court those other places and times are stated in different counts. They are all within the averments of the original complaint describing the transaction. By the first amendment the original complaint was not limited to Jefferson county, Ala., and December 12, 1923, but alleged that there were other places and times. When the original complaint is thus silent, an amendment in either or both aspects, covered by its general averments, may be made and relates back to the beginning of the suit. Louisville & N. R. R. Co. v. Echols, 203 Ala. 627, 84 So. 827.

At the same session and during the same trial all the amendments were made; all were within the general terms of the original complaint, and one was as permissible as another.

■■ The stricken counts seem by their terms to be predicated upon distinct publications, as though none other had occurred, and each in respect to a certain publication should be treated as stating a distinct cause of action, relating to that publication. The counts may be laid in different form to meet the varying phases of the evidence. Haynes v. Phillips, 211 Ala. 37, 38, 99 So. 356. But since we think they show that they relate to or are included in the averments of the original complaint, and the transaction there described, they do not show on their face that they are barred by limitations. But if they show that such was a fact, we do not think they should have been stricken on that ground. When the added count shows that it is after the time fixed as a condition to filing the suit, it may be stricken on motion for that reason. Louisville & N. R. R. Co. v. Echols, 203 Ala. 627, 84 So. 827. But when the contention relates to a bar of the statute of limitations, a plea is the only method of presenting it in a court of law. Curry v. So. Rwy. Co., 148 Ala. 57, 42 So. 447; Pyle v. Pizitz, 215 Ala. 398, 110 So. 822; Sov. Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640.

■ Counsel make an extensive argument, perfectly sound, that a single cause of action cannot be split up into several suits to the vexation of defendant. The principle is applicable upon the question of res judicata. Stewart v. Burgin, 219 Ala. 131, 121 So. 420; Crowson v. Cody, 215 Ala. 150, 110 So. 46. There is no principle which requires a party to claim all he is entitled to claim in his suit. But if he does not, and it is an indivisible claim, the whole is thereby concluded, and no subsequent suit may be maintained for that part not included in the first. But we

do not think it applies when there is but one suit, and the plaintiff unnecessarily splits his single cause of action in various counts of the complaint.

■ We also accept as sound the theory that when various expressions are used in one libelous article, all imputing the same defamatory charge, each separate expression is not cause for a separate action, and need not be declared on in a separate count in the same suit. 37 Corpus Juris, 21, notes 95 and 96. We also agree that a recovery on one such claim in a separate suit prevents a recovery in another suit on any of the others embraced in the same publication of that article, considering each separate publication of the entire article as a single cause of action. O'Neal v. Brown, 21 Ala. 482; Firemen's Ins. Co. v. Cochran, 27 Ala. 228; Galligan v. Sun Printing & Publishing Ass'n, 25 Misc. 355, 54 N. Y. S. 471. Ordinarily each count is regarded as a separate and distinct action for certain purposes, and each is separately tried and a verdict and judgment may be rendered in each separately.

■■ But from that it does not follow that a judgment for plaintiff must be predicated upon only one count. If the various counts split up a single publication, so that each charges only one feature of it, the jury need not confine its verdict to one such count. They are all submitted at one and the same time, and the verdict may respond to the complaint as a whole. Of course, if the verdict is predicated on a single count, or other definitely named counts, it is conclusive of all, the same as though they had been included in the verdict and the rule applies when they are in separate suits. But it is the vexation of more than one suit for the same actionable right which is prohibited. Foster v. Napier, 73 Ala. 595, and not that of various counts in the same suit. Since libelous matter may be published either where a letter is written, or where it is received, one or both, it is actionable at either or both places if so published. Kenney v. Gurley, 208 Ala. 623, 95 So. 34, 26 A. L. R. 813; Roberts v. English Mfg. Co., 155 Ala. 414, 46 So. 752; Weir v. Brotherhood of R. R. Trainmen, 221 Ala. 494, 129 So. 267.

■ The several counts distinctly allege the publication at a certain place and time. It is not necessary to allege further detail as to the manner of its publication. The proof may show it at one or another or all the places named. We think there is no just criticism of that manner of pleading, but it merely opens the door for any aspect of the proof.

■ We have in three former cases growing out of the same alleged libelous letter considered and treated many questions which need not be again discussed. We have never doubted that responsibility rests upon one

who publishes a libel for its repetition to the extent that it was so intended, or was the natural and probable result of the original publication, as where it was known that some person receiving it would naturally or probably or ought reasonably so repeat it. Those are questions for the jury when the evidence is sufficient to reach a reasonable conclusion to that effect.

In the first instance it is the province of the court to determine whether the evidence justifies such an inference and then, if so, to leave it for the ultimate decision of the jury.

We think that we have passed on such questions in this opinion and in those formerly rendered as are necessary for the purposes of another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.