(110 So. 411)

## GAY v. STEVERSON.   (7 Div. 567.)

(Supreme Court of Alabama.  May 27, 1926. Rehearing Denied Nov. 26, 1926.)

1. **Chattel mortgages**  ⬦�ält153—**Defendant, whose note for transfer of chattel mortgage was unpaid when prior mortgagee sued to recover property, held not innocent purchaser for value.**

Defendant, whose note for transfer of chattel mortgage was not paid when suit to recover mortgaged property was brought by mortgagee under prior mortgage, which had not been recorded in county of defendant's residence to which mortgagor had moved, but was recorded in county in which defendant's mortgage had been executed, *held* not purchaser for value without notice, and subsequent payments would not change his status, since plaintiff's suit was sufficient notice of first mortgage.

2. **Appeal and error**  ⬦⟱882(8)—**Admission of testimony, to withdrawal of which defendant objected, held not prejudicial error.**

In action by mortgagee under first chattel mortgage against transferee of second mortgage to recover mortgaged property, admission of testimony that mortgagor and plaintiff had gone over account subsequent to defendant's purchase, if error, *held* not prejudicial, where it related to undisputed credits allowed mortgagor and defendant objected to plaintiff's offer to withdraw all testimony relative thereto.

3. **Appeal and error**  ⬦⟱1060(4)—**Improper argument is not prejudicial, where plaintiff is entitled to affirmative charge.**

Argument of plaintiff's counsel before jury, though improper as being derogatory of defendant's counsel, *held* not prejudicial, where plaintiff was entitled to affirmative charge.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by J. M. Steverson against E. P. Gay. Judgment for plaintiff, and defendant appeals. Affirmed.

J. W. Strother, of Dadeville, H. A. Teel, of Rockford, and James J. Mayfield, of Montgomery, for appellant.

On defendant's suggestion, it became the duty of the jury to ascertain the amount of the plaintiff's mortgage debt. Code 1923, § 7400. Declarations of a mortgagor, made after the execution of the mortgage, cannot affect the mortgagee, or one claiming under him. 22 C. J. 345, 360; Winchester Co. v. Creary, 116 U. S. 161, 6 S. Ct. 369, 29 L.

Ed. 591. After three months from the removal of the property into Clay county, plaintiff's mortgages, not having been recorded therein, ceased to have effect as against defendant. Code 1923, § 6890. Defendant was a bona fide purchaser, and as such entitled to protection. Donahoo H. & M. Co. v. Durick, 193 Ala. 456, 69 So. 545; Dudley v. Abner, 52 Ala. 572; 35 Cyc. 351. Improper and prejudicial argument of counsel should work a reversal. Ala. I. & F. Co. v. Benenante, 11 Ala. App. 644, 66 So. 945. The general affirmative charge should never be given, where there is no material conflict in the evidence. Birmingham R. Co. v. Enslen, 144 Ala. 343, 39 So. 74; M. J. & K. C. v. Bromberg, 141 Ala. 258, 37 So. 395; Owings L. Co. v. Reform F. & C. Co., 200 Ala. 615, 76 So. 973; Harrison v. Cryer, 207 Ala. 507, 93 So. 418.

Riddle & Riddle, of Talladega, for appellee.

Appellant was not an innocent purchaser. Donahoo H. & M. Co. v. Durick, 193 Ala. 456, 69 So. 545. Counsel discuss other questions raised and treated, but without citing additional authorities.

GARDNER, J. Suit in detinue by appellee against appellant. Plaintiff relied for recovery upon certain mortgages embracing the personalty here involved, executed in the year 1920 by the owner thereof, one H. T. Williams, who then had the property in his possession in Talladega county, where was his residence, and in which county the mortgages were duly and properly recorded. Subsequent to the execution and recordation of these mortgages to plaintiff, said Williams executed in Talladega county, where the property was then located, mortgages upon the same property to the Merchants' Grocery Company, a corporation, of which Arnold W. Gay is general manager. Thereafter, in December, 1921, the mortgagor Williams moved' with the property into Clay county, where defendant resides and is engaged in the practice of law. Plaintiff's mortgages were not recorded in Clay county until September, 1922. The defendant insists that he purchased from the Merchants' Grocery Company, in Clay county, the mortgages executed to it, and the same were duly transferred to him in April, 1922, without notice, actual or constructive, of plaintiff's mortgages on the property, which property had been in the county more than three months prior to such purchase. Section 6890, Code of 1923.

The trial court gave, at plaintiff's written request, the affirmative charge as to the right of the recovery of the property involved, leaving only to the jury the determination of the value and the amount due plaintiff on his mortgages, pursuant to defendant's suggestion, as provided by the statute. This action

of the court was evidently based upon the theory that defendant was not shown to be a purchaser for value within the influence of the above-cited statute.

Defendant obtained possession of the property, and plaintiff instituted this suit for the recovery thereof in November, 1922. Defendant was related to and intimately acquainted with Arnold W. Gay, the general manager of the Merchants' Grocery Company.

[1] The transaction here involved seems to have originated in a casual conversation with Arnold Gay, in defendant's office, concerning the use of a truck—the details of which need not be stated.

Defendant executed his note on April 15, 1922, as consideration of the transfer of these mortgages and in July, 1922, this note was returned to him, and he executed his note to Arnold Gay in lieu thereof, with the understanding that said Arnold Gay was to pay the indebtedness thereby evidenced to the grocery company, which, defendant insists, was the original understanding in the event he so desired. At the time this suit was brought (November, 1922) Arnold Gay had paid nothing to the grocery company and held defendant's note, which had not been negotiated. Defendant had paid nothing, and the status of none of the parties had been changed. The following excerpt from Donahoo Horse & Mule Co. v. Durick, 193 Ala. 456, 464, 69 So. 545, 548, is here applicable:

"If the purchaser has innocently and in good faith assumed such a position as that his deprivation of the property he has bought would leave him in a worse position than formerly, because of values he has delivered or new irrevocable obligations he has assumed, he is entitled to the protection the law accords bona fide purchasers for value and without notice. 35 Cyc. pp. 351, 352; 24 Am. & Eng. Ency. of Law, p. 1171. If he buys, however innocently, on a credit, and gives only a nonnegotiable promise to pay, and before payment thereof receives notice of the adverse claim or of facts sufficient to put him on inquiry in the premises, he cannot invoke the protection the law accords bona fide purchasers; for his action in paying in such circumstances must be attributed to his own fault, and he has not been really prejudiced. Hoyt v. Turner, 84 Ala. 526, 4 So. 658; Jones on Chat. Mortg. § 313."

Here, defendant had not assumed an irrevocable obligation, nor had Arnold Gay changed his status in relation to the transaction. Defendant had but to rescind the transaction and have his note returned. The suit for the property, as well, also, as the record of plaintiff's mortgages, gave defendant full notice, and, whether or not he knew at that time that Arnold Gay had paid nothing and that the execution of his note constituted a revocable transaction, the information was readily available, and any ignorance thereof must result from his own neglect and chargeable as his own fault.

In order for the defense here pleaded to be available, it must appear defendant was a purchaser in good faith and for value. The notice acquired of plaintiff's claim to the property was sufficient to stimulate inquiry, which, under the circumstances, a reasonably prudent person would have made, and failing to do so must be attributed to his own fault and neglect. Donahoo Horse & Mule Co. v. Durick, supra; 35 Cyc. pp. 351, 352.

It follows, as a logical conclusion, that defendant's action in giving his note to the bank for the purpose of taking up the note to Arnold Gay and afterwards making some payments thereon, all of which occurred long after this suit was brought, and while still pending, cannot avail by way of defense in this litigation. Hoyt v. Turner, 84 Ala. 523, 4 So. 658, and authorities, supra.

Under the uncontroverted evidence, plaintiff was entitled to the affirmative charge for the recovery of the property, and in so ruling the trial court committed no error.

[2] It is insisted there was error in the refusal of the court to grant defendant's motion to exclude that portion of witness Nesbit's testimony, to the effect that he and the mortgagor had gone over the account with plaintiff and had agreed it was correct, upon the ground that this occurred subsequent to defendant's purchase, as developed on cross-examination. But the subject-matter of this testimony was credits allowed the mortgagor, matters really beneficial to defendant, and as to which we do not find there was controversy or dispute.

To obviate any question growing out of such question, plaintiff offered to withdraw all the testimony of the witness as to such credits, but defendant objected thereto. Moreover, we do not find that the amount of balance due on the mortgage, as testified to by the witnesses, was disputed or controverted by defendant. Without a consideration, therefore, of the question as to whether or not there was any technical merit in the objection, it very clearly appears that in no event has error in this respect intervened, prejudicial to defendant.

[3] The remaining assignment of error argued by appellant relates to argument of plaintiff's counsel before the jury derogatory of counsel for defendant, but, in view of the conclusion that plaintiff was entitled to the affirmative charge, as above noted, such argument could in no event be held to present reversible error, though the court may entertain the opinion that the trial court should have promptly sustained objection thereto.

No reversible error appearing, let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.