(110 So. 147)

STEVENS v. HOPSON et al. (6 Div. 652.)

(Supreme Court of Alabama. Oct. 14, 1926. Rehearing Denied Nov. 18, 1926.)

1. Corporations ⬅⟹242—Original subscribers and subsequent purchasers of capital stock are subscribers equally liable to corporation's trustee in bankruptcy on unpaid subscriptions (Code 1923, §§ 7062, 7347; Bankruptcy Act, § 47 [U. S. Comp. St. § 9631]).

Original subscribers and purchasers of capital stock from them are all subscribers, with equal rights and subject to same liability on unpaid subscriptions to corporation's trustee in bankruptcy, under Code 1923, §§ 7062, 7347, and Bankruptcy Act, § 47 (U. S. Comp. St. § 9631).

2. Equity ⬅⟹150(6)—Bill to recover unpaid subscriptions to capital stock from original subscribers and subsequent purchasers held not multifarious (Code 1923, § 6526).

Bill by corporation's trustee in bankruptcy to recover unpaid subscriptions to capital stock from both original subscribers and subsequent purchasers from them held not multifarious, under Code 1923, § 6526.

3. Corporations ⬅⟹268(1)—Averment of constitutional and statutory requirement of foreign corporation before doing business in state was unnecessary, where bill placed domicile in, and invoked law of, another state.

Where bill for unpaid subscriptions to bankrupt corporation's capital stock placed its domicile in Texas, invoked Texas law as controlling, and nowhere intimated that it was an Alabama transaction, averment of constitutional and statutory requirement of foreign corporations before doing business in state was not required.

4. Corporations ⬅⟹562(1)—Notes for stock are enforceable under Texas laws by trustee of insolvent corporation for benefit of its creditors.

Under Texas law, notes for capital stock of corporation are enforceable by its trustee on insolvency for benefit of its creditors, though not by corporation, because stock was not issued for money paid, labor done, or property actually received, as required by Texas laws.

5. Corporations ⬅⟹268(1)—Bill not classifying creditors in suit for unpaid stock subscriptions must be construed, on demurrer for want of equity as to defendants acquiring stock after indebtedness, as meaning all creditors.

Bill not classifying creditors, for whose benefit corporation's trustee in bankruptcy sued for unpaid subscriptions to capital stock, must be construed, on demurrer for want of equity as to

defendants acquiring stock subsequent to existence of indebtedness, as meaning all creditors.

**6. Courts ☞95(1).**

In dealing with Texas transactions, Alabama courts must be controlled by Texas decisions.

### On Rehearing.

**7. Corporations ☞240(1).**

Under Texas law, stockholders of insolvent corporation are liable on unpaid subscriptions only in favor of creditors who became such after issuance of stock.

**8. Corporations ☞268(3), 270—Bill inferentially averring incurring of debts after certain stock subscriptions sued on would not justify sustaining demurrer as to all subscribers sued, or dismissing bill.**

Bill inferentially averring incurring of debts by corporation after certain stock subscriptions would not justify sustaining of demurrer as to all subscribers sued for unpaid subscriptions, or dismissal of bill.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill by M. E. Stevens, as trustee in bankruptcy of the Walker Consolidated Petroleum Corporation, against Hudmon Hopson and others, to recover unpaid subscriptions to the capital stock of the bankrupt corporation. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Percy, Benners & Burr, of Birmington, and Kirk & Rather, of Tuscumbia, for appellant.

The trustee in bankruptcy of an insolvent corporation may maintain a bill in equity to recover unpaid subscriptions to the capital stock of the corporation, and may join one or more stockholders as defendants. The capital stock of the corporation is a trust fund for payment of its debts. Code Ala. 1923, § 7347; Bankruptcy Act U. S. § 47; Hundley v. Hewitt, 195 Ala. 647, 71 So. 419; Porter v. Hughes, 198 Ala. 36, 73 So. 400; Adams v. Perryman & Co., 202 Ala. 469, 80 So. 853; Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220; Drennen v. Jenkins, 180 Ala. 261, 60 So. 856; Pankey v. Lippman, 187 Ala. 199, 65 So. 771; Lehman, Durr & Co. v. Glenn, 87 Ala. 618, 6 So. 44. Such a bill may be maintained against a purchaser from a subscriber, where the purchaser is accepted by the corporation as a subscriber to its stock. Vaughn v. Ala. Nat. Bank, 143 Ala. 572, 42 So. 64, 5 Ann. Cas. 665; Hall & Farley v. Ala. Terminal & Improvement Co., 173 Ala. 398, 56 So. 235; Henderson v. Mayfield Woolen Mills, 153 Ala. 625, 45 So. 211; Perkins v. Cowles, 157 Cal. 625, 108 P. 711, 30 L. R. A. (N. S.) 283, 137 Am. St. Rep. 158; Rich v. Park (Tex. Civ. App.) 177 S. W. 184. Liability of stockholders is determined by the law of the corporation's domicile, and under the law of

Texas notes for stock are enforceable in suit by the trustee of an insolvent corporation. Thompson v. First State Bank, 109 Tex. 419, 211 S. W. 977; Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1021; Brooks v. Austin (Tex. Civ. App.) 206 S. W. 723; Nesom v. City Nat. Bank (Tex. Civ. App.) 174 S. W. 715; Chapman v. Harris (Tex. Civ. App.) 275 S. W. 75; Davis v. Burns (Tex. Civ. App.) 173 S. W. 476. The bill is not multifarious; any number of respondents, subject as such for unpaid stock, may be joined in one bill, without reference to whether their liability arises under original subscription or purchase from an original subscriber. Belleview Cemetery Co. v. Faulks, 198 Ala. 579, 73 So. 927; Henry v. Ide, 208 Ala. 33, 93 So. 860; Lowery v. May, 213 Ala. 66, 104 So. 5. There was no necessity for an averment of compliance with the Alabama law relating to foreign corporations. Crisp v. Christian Moerlein Brew. Co. (Tex. Civ. App.) 212 S. W. 531.

William S. Pritchard, J. D. Higgins, Robt. E. Smith, Erle Pettus, J. K. Brockman, David J. Davis, H. H. Grooms, and Coleman, Spain & Stewart, all of Birmingham, for appellees.

The trustee is vested with no better right or title than the bankrupt. Terrell v. Warten, 206 Ala. 90, 89 So. 297; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782. Notes given for stock are void. Const. Ala. § 234; Code 1923, § 6990; Ala. Bank v. Halsey, 109 Ala. 196, 19 So. 522; Const. Texas, § 6, art. 12; Prudential Life Ins. Co. v. Pearson (Tex. Civ. App.) 188 S. W. 513; Cattlemen's Trust Co. v. Swearingen (Tex. Civ. App.) 200 S. W. 596; Boldt v. Motor Securities Co., 74 Colo. 55, 218 P. 743. Void notes are not assets and cannot be enforced. In re Huffman-Salvar Roofing Paint Co. (D. C.) 234 F. 798. There is a plain and adequate remedy at law. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Gulf Compress Co. v. Harris, 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399. The bill seeks relief against two distinct classes of defendants, and is multifarious. Sayers v. Tallassee Falls Mfg. Co., 167 Ala. 553, 52 So. 892; Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737; 21 C. J. 408; Hyman v. Langston, 210 Ala. 509, 98 So. 564. Only creditors whose claim arose after subscriptions for stock are entitled to maintain suit. Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 420, 55 So. 100; Birmingham News Co. v. Collier, 212 Ala. 655, 103 So. 839; Chapman v. Harris (Tex. Civ. App.) 275 S. W. 75.

ANDERSON, C. J. [1, 2] Section 7347 of the Code of 1923 provides that a judgment creditor of a corporation, having an execution returned, "no property found," may, by

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bill in equity in the circuit court, subject to the payment of his judgment the unpaid subscription of one or more stockholders in such corporation, and section 47 of the Bankruptcy Act (U. S. Comp. St. § 9631), vests the trustee with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. Moreover, the bill avers the bankruptcy and insolvency of the corporation and that the assets constitute a trust fund for the payment of creditors which may be marshalled and administered in equity. Section 7062 of the Code of 1923; Hundley v. Hewett, 195 Ala. 647, 71 So. 419. Again, as we understand from the averments of paragraph 9 of the bill of complaint, all of the respondents occupy the shoes of subscribers and stockholders, as it charges:

"That the respective parties named in this paragraph who executed the respective notes in amount and tenor as in this paragraph set forth were either original subscribers to the capital stock of said corporation, the Walker Consolidated Petroleum Company, and executed said notes in payment of stock for which they originally subscribed, or that they purchased the stock of said company from the original subscribers to the capital stock of said corporation and executed their notes in amount and tenor as in this paragraph set forth direct to said corporation, and were accepted by said corporation as stockholders, the stock being issued direct to them and pledged by them as security for said notes."

This rendered all of them subscribers to the capital stock with equal rights and subject to the same liability. Cook on Corporations, § 52; Planters' & Merchants' Co. v. Webb, 144 Ala. 666, 39 So. 562. Nor was the bill multifarious. Belleview Co. v. Faulks, 198 Ala. 579, 73 So. 927; section 6526, Code 1923.

[3] The bill of complaint places the domicile of the corporation in the state of Texas, and, in fact, invokes the Texas law as controlling the transaction, and nowhere intimates that it was an Alabama transaction, so as to require an averment of the constitutional and statutory requirement as to foreign corporations before doing business in this state.

[4, 5] The amended bill concedes that the issue of the stock in question, it not being for money paid, labor done, or property actually received, was violative of the laws of Texas, and payment at the instance of the corporation would be nonenforceable, but under the decisions of the highest court of Texas said notes are enforceable by the trustee of the insolvent corporation for the benefit of its creditors. The averment does not classify the creditors, and upon demurrer as for want of equity as to those who acquired the stock subsequent to the existence of the indebtedness, the bill must be construed as meaning all creditors, and we find no ground of demurrer specifically pointing out the fact

that the bill shows that some of the stock was acquired subsequent to the indebtedness. But be this as it may, the Texas cases cited (Thomson v. First State Bank, 109 Tex. 419, 211 S. W. 977; Smoot v. Perkins [Tex. Civ. App.] 195 S. W. 988; Washer v. Suyer, 109 Tex. 398, 211 S. W. 987, 4 A. L. R. 1320), seem to support the averment of the bill and make no distinction between subscribers subsequent and anterior to the creation of the indebtedness by the corporation. It is urged in brief of counsel for one of the appellees, Jefferson, that the case of Thompson v. First State Bank, supra, does make such a distinction, but a close consideration of this case does not reveal the distinction. On the other hand, the opinion recites:

"Creditors dealing with a corporation have the right to assume that its capital has been or will be paid in accordance with law. It constitutes a warrant for the extension of credit. It, in effect, stands as a pledge for the security of the corporation's debts. Upon the corporation's insolvency, it becomes a trust fund for the protection of creditors."

[6] The Alabama cases cited by one of the appellees, Birmingham News v. Collier, 212 Ala. 665, 103 So. 839, and Diamond Rubber Co. v. Fourth National Bank, 171 Ala. 420, 55 So. 100, dealt with our registration statute, and the question now considered was not involved. Moreover, in dealing with a Texas transaction, we must be controlled by the Texas decisions.

The trial court erred in sustaining the demurrer to and dismissing the amended or substituted bill.

This cause was submitted on motion and merits. The motion was by A. A. Penell and others named in the motion to dismiss the appeal as to them, and counsel for the appellant concedes that the motion should be granted. The appeal is dismissed as to said appellees, but the decree of the circuit court is reversed and the cause is remanded as to the other appellees.

Reversed and remanded.

SAYRE, MILLER, and BOULDIN, JJ., concur.

### On Rehearing.

ANDERSON, C. J. [7] In the foregoing opinion we declined to draw a distinction as to the liability of the stockholders between creditors existing when the stock was subscribed for or purchased and those who extended credit subsequent to the issuance of the stock, thinking that we were following the Texas decisions, and in doing so we quoted from Thompson v. First State Bank, 109 Tex. 419, 211 S. W. 977. Upon a closer examination of this case and notwithstanding the quotation, we are inclined to construe it as fastening the liability of the stockholders only in favor of creditors who became such after the issuance of the stock, and not

creditors who became such anterior to the issuance of the same. At least this seems to be the rule declared by the Texas Court of Civil Appeals in the case of Chapman v. Harris, 275 S. W. 75, and the interpretation given the Thompson Case, supra.

[8] The bill is not very specific in averment as to the dates of creditors. It does set out an indebtedness existing when the capital stock was reduced and which is anterior to the date of the subscription of this movant, Jefferson, and several others as appearing upon the list of subscribers. On the other hand, the bill sets out the subsequent bankruptcy and insolvency and, inferentially, the subsequent incurring of debts, but which, of course, is not sufficient as against a specific ground of demurrer as to this point. Moreover, if such was the case that would not have justified the sustaining of the demurrer as to all of the respondents or in dismissing the bill.

The former opinion is modified to the extent as here indicated, and the application for rehearing is overruled.

SAYRE, MILLER, and BOULDIN, JJ., concur.