143 So. 449

## DANIEL v. GOODYEAR TIRE & RUBBER CO.

### 7 Div. 72.

Supreme Court of Alabama.

June 23, 1932.

Rehearing Denied Oct. 13, 1932.

447

George Ross, of Bessemer, and Goodhue & Lusk, of Gadsden, for appellant.

O. R. Hood, of Gadsden, and Cabaniss & Johnston, of Birmingham, for appellee.

BOULDIN, J.

Appellant, C. W. Daniel, sued. Goodyear Tire & Rubber Company, of. Alabama, a corporation, upon counts for false imprisonment and counts for malicious prosecution.

Upon the trial the court gave the affirmative charge for defendant upon the counts for false imprisonment and refused such charge as to counts for malicious prosecution. There was verdict for defendant.

Appellant presents for review the giving of the affirmative charge on the false imprisonment counts.

Appellee insists there was no error in this regard, and further that it was due the affirmative charge on the counts charging defendant with the prosecution of appellant "maliciously and without probable cause." If correct in this latter contention, any errors in instructions to the jury or rulings on evidence not going to that inquiry were harmless.

We, therefore, deal first with these questions.

On April 30, 1930, Mr. Berkstresser, paymaster of the Goodyear Company, while en route with money to meet the pay roll of the company in the city of Gadsden, and accompanied by Messrs. Reeder and Work, guards, was held up and robbed.

Travelers' Indemnity Company, the insurance carrier, promptly reimbursed the Goodyear Company for the loss, some $18,000. The Travelers' Company, as known in police circles, was offering a reward for the recovery of the money.

Ten days after the robbery, Messrs. De Groat and McCombs, police officers of the city of Birmingham, upon information derived from sources in Birmingham and Bessemer in no way connected with the Goodyear Company, arrested Mr. Daniel and an associate, Mr. Seay, as suspects, without a warrant. Without information as to the cause of their detention they were confined in jail for investigation.

On the day following the arrest, Mr. Judd, the representative of the Travelers' Company in Birmingham, at the instance of the police authorities, called Mr. Berkstresser, and arranged for the three eyewitnesses to the robbery, Berkstresser, Reeder, and Work, to come to Birmingham for the purposes of identifying some suspects.

Without going into details as to the method of procedure, such as placing the suspects in a group of men, etc., suffice to say, Mr. Work claimed to recognize Mr. Daniel as one of the robbers.

Mr. Reeder stated in his judgment Mr. Daniel was one, and Mr. Berkstresser merely that there was a resemblance. Reeder stated he recognized Seay, and the other two corroborated him to their best judgment.

After the return of these witnesses to Gads-

den, a further request came from Birmingham that some of these parties, having knowledge of the robbery and identity of the parties, swear out a warrant, else Messrs. Daniel and Seay would be released on habeas corpus, then threatened by their counsel.

Without dispute the sheriff at Gadsden and the solicitor were co-operating with Birmingham officers to have a warrant duly issued.

Mr. F. A. Steele, the superintendent of the Goodyear Company in Gadsden, with powers of a general manager in the operation of defendant's plant, under whom were all other agents and employees in Gadsden, gave them notice that his company was not engaged in procuring the arrest and prosecution of men suspected of connection with the robbery.

Some of the parties declined to swear out a warrant. But Reeder, also a deputy sheriff, did swear out a warrant before the judge of probate, stating at the time that he was acting in his own individual capacity and not on behalf of the Goodyear Company.

Later one Wells was arrested in Louisville, and the larger part of the money recovered. Upon investigation by the grand jury, no indictments were returned against Messrs. Daniel and Seay, and they were discharged.

The policy of insurance issued by the Travelers' Company to the Goodyear Company contained the following stipulation: "The Assured upon request of the Company shall render every assistance in his power to facilitate the investigation and adjustment of any claim, exhibiting for that purpose any and all books, papers and vouchers bearing in any way upon the claim made and submitting himself and his associates in interest and also, so far as he is able, his employees and members of his household to examination and interrogation by any representative of the Company, under oath, if required. In the event of loss or damage for which claim is made the Assured shall, at the request and expense of the Company, take legal action to secure the arrest and prosecution of the offenders and the recovery of the property."

Expense accounts for the trip to Birmingham, and of similar trips to Louisville, Ky., and to Rome, Ga., were made out against and paid by the Goodyear Company. On demand, and upon a showing that such expense was incurred at the request of the Travelers' Company, reimbursement was made by the latter company.

Dealing first with the question of false imprisonment, the unlawful arrest, and detention without a warrant, appellant argues the alleged identification of plaintiff by the employees of defendant contributed to their continued unlawful detention, for which a liability arises the same as for participation in the wrong at its inception. 25 C. J. 498.

Whether this rule would apply where the detention is by public authorities, and the witnesses are without knowledge that no lawful warrant for the arrest or detention exists, or even then, unless there is a request for continued holding without warrant, we need not inquire. Rich v. McInerny, 103 Ala. 345, 354, 15 So. 663, 49 Am. St. Rep. 32.

The grave question here concerns the liability of the Goodyear Company under the doctrine of respondeat superior.

Employees and subordinate officers of a private corporation have no implied authority to engage in the apprehension and prosecution of persons suspected of crime involving loss to the corporation. Only one invested with the corporate power in such sense that he is the alter ego of the corporation as regards such proceedings can bind the corporation for such tort or ratify it after commission.

Reeder was the head guard at the plant of defendant, with the duty to guard the paymaster as on the day of the robbery. He was sometimes known as chief of police. The performance of his duty to protect the property of his employer carried power to arrest persons in the commission of crime of this character; but it did not carry any authority to go to distant points and arrest or detain suspects. Southern Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658.

Appellant insists that the obligations of the contract between the Travelers' Company and the Goodyear Company, as disclosed in the stipulation above quoted, and the subsequent corporate acts in keeping with such obligation, authorize an inference that these identifying parties were acting as agents with authority, or their doings were ratified.

Appellee insists the obligation of such stipulation existed only pending a claim for the loss and to minimize such loss, that no obligation existed after the loss had been fully settled by the insurer, and that, in any event, the superintendent, Mr. Steele, had all the while declined to put his company in the position of a prosecutor, and so instructed his employees on legal advice.

We doubt the proposition that the Goodyear Company was free of all obligations after payment of the loss, but deem it unnecessary to decide and do not decide that question.

Nor do we deem it material whether Goodyear Company consented to the trip to Birmingham for the purpose of identification, or actually sent the witnesses on request, or ratified their going after their return.

We think the policy of the law, the great public need for active aid in the apprehension of criminals, imposes an obligation in the nature of a public duty upon those in best position so to do, and unless affirmatively shown to have been done from other motive, or in an unlawful manner, liability should

never be imposed. Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651.

We construe the stipulation of the contract in the light of those principles. The obligation, on request, to take "legal action," we hold in no event imposed any duty on the corporate body which would change relations between the corporate management and its employees.

It would be a far stretch to hold such agreement bound the corporate body for the acts of such employees under the law of respondeat superior. In a word, the stipulation merely called upon the corporate entity to take action according to and within the protection of the law.

The calling of these witnesses to Birmingham was on a purely personal mission, that of speaking for themselves personally, a matter upon which their employer had no right to give directions, nor sought so to do. No ratification of their identification is involved, because there was no agency to ratify. The corporate management, moreover, had no knowledge of any error or falsity in such identification, a condition upon which the doctrine of ratification by acquiescence must rest.

Nor did the corporate body through its superintendent have anything to do with the further detention.

We regard this as the vital question as regards both the charges of false imprisonment and malicious prosecution.

To be explicit, we hold the sending of these men to Birmingham on request of public officers, as witnesses to pass upon the identity of these parties, with no corporate orders to do other than tell the truth according to their best judgment, even conceding this was pursuant to an obligation to the insurer, does not involve the Goodyear Company in liability for any statements made by such witnesses, whether honestly or corruptly, on their part.

The case of Macauley v. Theodore B. Starr, Inc., 194 App. Div. 643, 186 N. Y. S. 197 (affirmed by New York Court of Appeals without opinion in 233 N. Y. 601, 135 N. E. 935) is quite similar in facts to the case at bar. Without repeating, we approve the reasoning and holding of that court in paragraph 3 of the opinion, 186 N. Y. S. pages 201, 202 (194 App. Div. 643).

What we have said will suffice to show the defendant was due the affirmative charge on the counts for malicious prosecution, as well as those for false imprisonment. Without dispute Reeder instituted the prosecution, swore out the warrant, on his own responsibility only, and with full knowledge of the orders of Goodyear Company not to do so on its behalf.

We need not consider the question of probable cause so far as Reeder was concerned.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.