148 So. 133

## COLLINS v. BROTHERHOOD OF RAILROAD TRAINMEN et al.

### 6 Div. 909.

Supreme Court of Alabama.
March 30, 1933.

Rehearing Denied May 25, 1933.

Crampton Harris, of Birmingham, for appellees.

W. A. Denson, of Birmingham, for appellant.

KNIGHT, Justice.

The appellant, a member of the Switchmen's Union, at Birmingham, Ala., filed this suit against the Brotherhood of Railroad Trainmen and the Grand Lodge of the Brotherhood of Railroad Trainmen, and certain named individual defendants. But, before the case was closed, the plaintiff dismissed his suit against the individual defendants.

The defendants filed many grounds of demurrer to the several counts of the complaint. This demurrer was sustained by the court, and the appellant here insists that, in sustaining the demurrer to the several counts of the complaint, the court committed error to his prejudice.

This court, in the case of Weir v. Brotherhood of Railroad Trainmen et al., reported in

660

221 Ala. 494, 129 So. 267, 272, which case grew out of the same alleged libelous publication, and which is, so to speak, a companion case with the one now before us, had occasion to consider the sufficiency of counts of a complaint identical in substantial averment with the several counts of the complaint in this cause.

In the Weir Case, supra, in an opinion by Mr. Justice Thomas, this court held that libelous matter transmitted by mail "is [involves] the uttering or publication of the same at two points—that of its dictation, if so it was written, read, and understood, and at the place of its receipt by addressee." Kenney v. Gurley, 208 Ala. 623, 95 So. 34, 26 A. L. R. 813. And it was also there held that it was not essential to plaintiff's case that there should have been a publication of the libel in the state of Alabama.

In the concluding paragraphs of the opinion in the Weir Case it is said:

"We may say further that the place where of publication in such a case by letter becomes material in the fact that the proof, and the source of proof, as to publication is different in one state or in another, dependent upon what set of facts the plaintiff proceeds on; thus the place where becomes a material allegation in the instant case.

"The specific ground of demurrer, that the date of said alleged publication is not made to appear, was well taken to counts as originally filed; and so of the necessity of the nature of the publication and that it was before the suit. There was no error in sustaining demurrers to the original counts, and hence no error in driving the plaintiff to amendment of the complaint. Section 9531, Code, Form Nos. 16 and 17; Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A. L. R. 898; Phillips v. Ashworth, 220 Ala. 237, 124 So. 519; Shadix v. Brown, 216 Ala. 516, 113 So. 581."

We are not convinced that the conclusion reached by this court in the Weir Case, supra, as to the insufficiency of the several counts of the complaint for failing to aver the time when and the place of the publication was wrong, but, to the contrary, we are firmly of the opinion that the holding in that case was, and is, sound. We adhere thereto, and, in so doing, we hold that the trial court, in this case, properly sustained the demurrers to the several counts of the complaint as originally filed.

■ It was not held in the Weir Case that the defendants could not be proceeded against in this state for the publication of a libel in another state, provided the courts of this state acquired jurisdiction of the defendants. On the contrary, we expressly held in that case that it was not essential to the plaintiff's right of maintenance of the action that there should have been a publication of the libel in the state of Alabama. Code, § 5681; Stevens, Trustee, v. Hopson, 215 Ala. 261, 263, 110 So. 147; Newell on Slander and Libel, p. 219 (note 4); Townsend on Slander (4th Ed.) p. 90, § 110, p. 572, § 326, notes 1 and 2; 36 Corpus Juris, p. 1227, § 18, p. 1229.

■ After the demurrers were sustained, the plaintiff amended the several counts of his complaint, among other things, by adding to each count the following averment: "Plaintiff avers said libelous publication was made in Jefferson County, state of Alabama, during the latter part of the year 1923, and in the first part of the year 1924, and at sundry other times and places unknown to plaintiff." (Parenthetically, we may state, a similar amendment was made in the Weir Case, supra.)

Inasmuch as the defendants were before the court, and within its jurisdiction, the plaintiff might well have proceeded against them by proper amendment for the publication of the Smith letter in the state of Georgia, if it was in fact published in that state; and likewise for the publication of the same letter in the state of Ohio, if it was in fact published in that state, but the plaintiff elected to charge the defendants with the publication of the alleged libelous letter in Jefferson county, Ala. This being true, the plaintiff, in order to make out his case, was compelled to prove to the reasonable satisfaction of the jury that the Smith letter was published in Jefferson county, either by the defendants or by some one else by their direction, consent, or procurement. Or, if the original letter was not so published in Jefferson county, that copies of the same were there published by the defendants, or by some one else, by their direction, consent, or procurement. Weir v. Brotherhood of Railroad Trainmen et al., supra; Richardson v. Brotherhood of Railroad Trainmen, 221 Ala. 449, 129 So. 574.

The plaintiff having elected to charge the defendants with the publication of the alleged libel in Jefferson county, he must prove it was there published in order to recover.

■ We may assume, for the purpose of deciding this case only, that Roy C. Smith was an agent of the defendants during the years 1923 and 1924, and that he, in the line and scope of his duties as such, came to Birmingham for the purpose of getting the members of the Switchmen's Union to join his organization; that he failed in his undertaking, and, upon returning to Atlanta, Ga., he wrote the "Smith letter" to W. G. Lee, president of the Brotherhood of Railroad Trainmen, at Cleveland, Ohio, under date of December 12, 1923; that W. G. Lee, in turn, under date of December 18, 1923, transmitted the "Smith letter" to F. W. Morey, at Springfield, Mo., with the statement in the nature of instructions, (a) "which I would be glad to have you carefully preserve and return to me after it

has served your purpose." (b) "If you feel justified in reaching President Kurn or the general manager of the Frisco and reading to him any part of the enclosed report you have my permission to do so, with the understanding, however, that the source of the information will be treated strictly in confidence."

Copies of this "Smith letter" thereafter turned up in Birmingham, and the original letter also appeared in Birmingham, Ala., before this suit was brought, but it nowhere appears in the evidence that any of the copies of the letter were sent there by defendants, or by their direction, or with their consent, or by their procurement.

The evidence leaves no room to doubt that T. C. Cashen, international president of the Switchmen's Union—the object of the alleged libelous letter—brought it into this state and exhibited it at Birmingham, Ala. Just how, or in what way, the international president came into possession of the letter, the plaintiff's evidence gives no hint or suggestion. However, if he got it from Morey, that subordinate official of the defendants exceeded his authority, and violated the duty enjoined upon him by his principal, and the latter was not answerable for the same.

The evidence in this record is very similar to the evidence appearing in the case of Richardson v. Brotherhood of Railroad Trainmen, supra, and the comments of Mr. Justice Foster upon the evidence appearing in that case might well be reproduced here, but which we will omit for the sake of brevity. Suffice it to say the evidence does not justify any reasonable inference or presumption that the letter of Roy C. Smith and the letter of W. G. Lee were published in Jefferson county, Ala., by the defendants, or by their direction, consent, or procurement.

The plaintiff wholly failed by his evidence to show any publication of the alleged libel in Jefferson county, Ala., as averred in his complaint, and the defendants were due the general affirmative charge in their behalf. We may add that the record discloses no error on admission or exclusion of evidence offered by plaintiff, which involved the substantial merits of the case, and, being at this conclusion, we will not discuss any other questions presented by the record. Tucker v. Royal Ins. Co., 220 Ala. 103, 124 So. 215; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Gay v. Steverson, 215 Ala. 309, 110 So. 411; Louisville & Nashville R. R. Co. v. Johnson, 128 Ala. 634, 30 So. 580; Daniel v. Goodyear Tire & Rubber Co., 225 Ala. 446, 143 So. 449.

██ However, we do not wish to be understood as holding that demurrer was the proper way to test the sufficiency of the motions to quash the venire of jurors. It was not in fact. The demurrer admitted the allegations of the motion in all its statements. The court should have put the plaintiff to his proof of the motion, or at least of some one or more of his stated grounds. In view of the fact that the plaintiff, as above stated, was not entitled to recover under the evidence in the case, the matter of the personnel of the jury was wholly immaterial, and the erroneous ruling of the court, upon plaintiff's motion, involved no injury to plaintiff.

It follows that the judgment of the circuit court is due to be, and is, here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.