On Application for Rehearing.
The original opinion issued in this case is withdrawn and the following is substituted as the opinion of this Court.
This is an appeal from summary judgments entered in favor of the defendants. We affirm.
In February of 1979, Process Systems, Inc. "P S", a company owned by the appellant, William J. Cutts, entered into a contract with Blount International, Ltd. "Blount", to perform fabrication work for one of the locks on the Tennessee-Tombigbee Waterway. This contract was subsequently amended by change orders in October 1979 and September 1981. The change orders provided that, upon the submission of a request, Blount would reimburse P S for "casualty, liability, workmen's compensation and other insurance costs." However, no request for reimbursement was ever sent to Blount, and none was paid.
In late 1980, American United Life Insurance Company "AUL" issued a group health policy for the employees of P S, to be effective November 15, 1980. In the latter part of 1981, a dispute arose between P S and AUL over insurance premiums and, on December 28, 1981, AUL sent a letter to P S stating that premiums had been paid to May 15, 1981, and that if further premiums were not received, AUL would consider the account delinquent. No further funds were received and the insurance was retroactively terminated as of May 15, 1981. P 
S's position in the dispute was that premiums had been paid through November of 1981.
In the summer of 1982, the Mobile County district attorney's office, at the request of two former employees of P S, began an investigation regarding money withheld from employees' paychecks for insurance *Page 1213 
premiums and the existence of insurance coverage. During the course of the investigation, Mobile Assistant District Attorney Tom Harrison contacted both Blount and AUL. Harrison told the general counsel for Blount of the investigation and inquired generally as to what the contract with P S provided for and whether there was a provision regarding the payment of insurance by Blount. Harrison was later told that there was no such agreement between Blount and P S, and that no Blount representative had made any commitment to Cutts or anyone else to provide insurance. Counsel for Blount did not inform Harrison of the substance of the change orders, which provided that Blount would reimburse P S for the cost of its employees' insurance.
Harrison also contacted AUL and questioned its agents about the insurance policy it issued to P S. He was told that a policy did exist and that P S was to pay the premiums, but that there was a dispute regarding the premiums due and that the insurance had been terminated in May of 1981. Harrison did not recall being told, nor did a letter from AUL confirming the information reveal, that the policy in question was terminated in late 1981 or early 1982, retroactive to May of 1981. Based on all the information he received, Harrison presented the case to a grand jury, which returned two indictments against Cutts for theft of property in the first degree on the ground that Cutts had withheld premiums from employees' paychecks but had not remitted them to AUL.
After the indictment was returned, counsel for Cutts provided Harrison with copies of the contract change orders in question showing that there was, in fact, a contractual provision regarding the payment of insurance and also provided correspondence from AUL regarding the dates of the termination of the policy. As a result, Harrison nol-prossed the indictments and discontinued his investigation.
Cutts brought suit against AUL and Blount. In his amended complaint, he alleged:
 "In response to [Harrison's] request, the Defendants provided information to the Mobile County District Attorney's Office and based on this information, the District Attorney's Office presented the case to the Grand Jury and the Plaintiff was indicted thereby suffering the following injuries and damages. . . ."
In his first cause of action, he alleged that AUL negligently stated that the policy was terminated on May 14, 1981, without disclosing the facts concerning the disagreement over the premium payments, the retroactive termination, or Cutts's contention that the premiums were paid to November 1981. In his second cause of action, Cutts alleged that AUL intentionally, willfully, and wantonly made these statements or failed to disclose the information. His third cause of action alleged that Blount negligently "stated that there was no provision in the contract between Blount and Process Systems relating to the payment of insurance premiums." His fourth cause of action alleged that this statement constituted intentional, willful, and wanton conduct. His fifth cause of action was for defamation, against AUL only.
Both Blount and AUL filed motions for summary judgment with supporting affidavits. Cutts responded with his own affidavit, two affidavits by Assistant District Attorney Harrison, and the deposition of the general counsel for Blount. The trial court granted both motions, and this appeal followed.
The burden on motion for summary judgment is upon the moving party to show that there is no genuine issue of a material fact and that the movant is entitled to a judgment as a matter of law. If there is a scintilla of evidence which supports the position of the non-movant, summary judgment must be denied. Rule 56, A.R.Civ.P.; Booth v. United Services Auto Ass'n,469 So.2d 1281, 1282 (Ala. 1985).
Cutts argues that once the defendants voluntarily undertook to provide information to the district attorney, they were thereafter charged with the duty of acting with due care, citing the doctrine that one *Page 1214 
who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith. Dailey v. Cityof Birmingham, 378 So.2d 728, 729 (Ala. 1979). In this case, Blount and AUL did not "volunteer" any information about Cutts and P S. Neither Blount nor AUL instigated the investigation; rather, they responded to a request from a law enforcement official who was directing a criminal investigation. We have found no case, and Cutts has cited none, which recognizes a cause of action for negligently, or even intentionally, willfully, or wantonly, failing to produce information in response to a district attorney's request.
Cutts's complaint, if it states a claim at all, can only be an action for malicious prosecution. Malicious prosecution is an action disfavored in the law. Evans v. Alabama ProfessionalHealth Consultants, Inc., 474 So.2d 86 (Ala. 1985); Jordan v.Empiregas, Inc., of Belle Mina, 337 So.2d 732 (Ala. 1976);Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555
(1959); Daniel v. Goodyear Tire Rubber Co., 225 Ala. 446,143 So.2d 449 (1932).[1] The wrongdoing which Cutts alleges centered around the procurement of the indictment against him. Indeed, the damages he claims are for the expense, emotional suffering, and humiliation incurred in being indicted and having to defend himself. The policy disfavoring malicious prosecution claims would also disfavor bringing claims arising out of facts within the ambit of malicious prosecution but couched in other terms, especially general allegations of negligence, willfulness, or wantonness. Therefore, in the absence of any other clearly recognized theory under which Cutts could proceed, his complaint must be treated as one for malicious prosecution.
The elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage. Allen v. Molton, Allen Williams Realty Co.,495 So.2d 27 (Ala. 1986); Johnson v. Haynie, 414 So.2d 946
(Ala. 1982); Brown v. Parnell, 386 So.2d 1137 (Ala. 1980); S.S.Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977); Sanders v.Davis, 153 Ala. 375, 44 So. 979 (1907).
Prior to the adoption of the Alabama Rules of Civil Procedure, a complaint in malicious prosecution had to allege each of these elements. See Sanders v. Davis, supra. Under the current rules, "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required," Rule 8(e)(1). Furthermore, "All pleadings shall be so construed as to do substantial justice," Rule 8(f).
These rules set up the procedure of "notice pleading," but that notice must be fair notice of the claim presented so as to do "substantial justice." Not only does it do substantial justice to construe the pleadings in the instant case as not giving fair notice of a claim for malicious prosecution, but such a construction is unavoidable: malicious prosecution was argued nowhere in the record before us, nor in the appellant's brief. The first mention of malicious prosecution is in appellee Blount's brief, where Blount argues by analogy to malicious prosecution cases that the facts before the court on the summary judgment motion *Page 1215 
would not support a finding of liability on its part. Cutts attempts in his reply brief to distinguish some of these cases, notably Alabama Power Co. v. Neighbors, 402 So.2d 958 (Ala. 1981), arguing that a defendant may be held liable in a malicious prosecution case where he misrepresents or suppresses material facts.
Generally, in an action for malicious prosecution, Alabama law allows recovery only from those who are directlyresponsible for the prosecution. American Surety Co. v. Pryor,217 Ala. 244, 115 So. 176 (1927). Merely giving or negligently failing to give information to law enforcement officials is not enough. Dismukes v. Trivers Clothing Co., 221 Ala. 29,127 So. 188 (1930); see also Daniel v. Goodyear Tire Rubber Co.,225 Ala. 446, 143 So. 449 (1932).
 "[Where] a defendant merely gives the district attorney's office information regarding an alleged crime, leaving the decision to prosecute entirely to the uncontrolled discretion of the district attorney, who thereafter makes his own independent investigation and thereupon takes the information before the grand jury which returns indictments against the suspects, the defendant, in a malicious prosecution action, is not regarded as having instigated the criminal proceeding."
Ritch v. Waldrop, 428 So.2d 1, 3 (Ala. 1982), quoting AlabamaPower Co. v. Neighbors, 402 So.2d 958, 962 (Ala. 1981).
 "Giving information of a crime to officers, or a request that the officers investigate a crime is not aiding or abetting or instigating a prosecution, unless such information was a misrepresentation of the facts in order to induce action, or there was a suppression of known material facts."
Alabama Power Co. v. Neighbors, 402 So.2d 958, 964 (Ala. 1981), quoting Dismukes v. Trivers Clothing Co., 221 Ala. at 32,127 So. at 190. (Emphasis supplied.)
Cutts's late argument that he is entitled to come under the exception to the principle of no liability where the district attorney independently investigates and prosecutes cannot suffice to put the trial court in error. Cutts made no attempt below to allege that Blount or AUL initiated the prosecution, and there is no indication in the record that he attempted to come under the Neighbors exception. Furthermore, there was absolutely no pleading or proof regarding lack of probable cause. Thus, the complaint cannot be held to have alleged malicious prosecution sufficiently to put the defendants on notice that they were called upon to defend such an action.
For the foregoing reasons, the judgment of the trial court is not due to be reversed either on the ground that Cutts presented a genuine question of material fact and precluded summary judgment on the theory of malicious prosecution or on the ground that the motion for summary judgment should have been denied as to the grounds specifically alleged, negligent or intentional, willful, and wanton misrepresentation or suppression of material facts.
Finally, Cutts alleges that AUL defamed him by publishing a letter to the assistant district attorney regarding the termination of insurance benefits for the employees of P S.
Summary judgment was proper as to this count because an absolute privilege exists in favor of those involved in judicial proceedings, including judges, lawyers, jurors, and witnesses, shielding them from an action for defamation.Morrison v. Mobile County Bd. of Ed., 495 So.2d 1086 (Ala. 1986); Webster v. Byrd, 494 So.2d 31 (Ala. 1986); Browning v.Birmingham News, 348 So.2d 455, 458 (Ala. 1977); Snyder v.Faget, 295 Ala. 197, 326 So.2d 113 (1976); O'Barr v. Feist,292 Ala. 440, 445, 296 So.2d 152 (1974); Miner v. Novotny,304 Md. 164, 498 A.2d 269, 272 (1984). See also 50 Am.Jur.2d Libel andSlander § 193 (1970); and Annot., 48 A.L.R.2d 716 (1956).
The application for rehearing is granted; the original opinion is withdrawn and this opinion is substituted therefor; and the judgments are affirmed. *Page 1216 
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All the Justices concur.
[1] Although the plaintiffs in the first three cited cases alleged malicious prosecutions of civil actions, and Boothby Realty Co.
specifically justified the strict limitations on grounds of not discouraging private plaintiffs from bringing actions to enforce their rights, a disfavor of actions stemming from criminal prosecutions is similarly explained by reference to the effective administration of justice and a policy of encouraging citizens to report criminal activity to the proper authorities. In Daniel, the Court, speaking through Justice Bouldin, stated: "We think the policy of the law, the great public need for active aid in the apprehension of criminals, imposes an obligation in the nature of a public duty upon those in best position so to do, and unless affirmatively shown to have been done from other motive, or in an unlawful manner, liability should never be imposed." 225 Ala. at 448-49,143 So. at 451 (citation omitted).