RUSSELL, Judge.
This is an appeal from a summary judgment.
Dana Escoffier (appellant) filed an action for malicious prosecution against two employees of the YMCA (appellees) and one other defendant. Based on the appellant’s answers to interrogatories propounded by the appellees, a motion for summary judgment was filed and was granted by the trial court in favor of the appellees. The appellant’s subsequent motion to reconsider was denied. This appeal followed.
Rule 56, Alabama Rules of Civil Procedure, provides that summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Additionally, the moving'party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984). In reviewing a trial court’s grant of summary judgment, this court must apply the same standard as utilized by the court below. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
In order to prevail in an action for malicious prosecution, the complainant must prove each of the following elements of that cause of action: (1) a judicial proceeding initiated by the defendant, (2) a lack of probable cause, (3) malice, (4) termination of the judicial proceeding favorably to the plaintiff, and (5) damages. Empiregas, Inc. v. Feely, 524 So.2d 626 (Ala.1988).
After carefully reviewing the record, we find the trial court’s grant of summary judgment to be proper. In his answer to interrogatories filed by the appellees, the appellant stated that he was unaware if either of the appellees had signed a warrant against him, and no such warrant was contained in the record on appeal. Therefore, the record was devoid of any evidence to substantiate the appellant’s claim that the judicial proceeding, which serves as the basis for the underlying claim of malicious prosecution, was initiated by either of the appellees.
Moreover, the record demonstrates that the only action taken by the appellees with respect to the appellant was their contacting of the police in light of the disturbance occurring within the facility where they both are employed. Alabama law permits recovery for malicious prosecution only from those who are directly responsible for that prosecution. Cutts v. American United Life Insurance Co., 505 So.2d 1211 (Ala.1987). Furthermore, merely providing, or negligently failing to provide, law enforcement officials with information is not sufficient to make one accountable for any prosecution which may result from such limited action. Id. Consequently, we find no evidence that the criminal proceedings against the appellant were initiated by the appellees.
As we have stated, summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.