The appellees, State Farm Mutual Auto Insurance Company ("State Farm") and Ophelia Clark, argue that Tina Zuicarelli's counterclaim against them is an action arising out of the alleged wrongful issuance of process, and, regardless of how couched, it is in actuality a claim for malicious prosecution. I agree, and am concerned that the effect of the reversal of the trial court's summary judgment as to this issue is to allow Zuicarelli to substitute the less stringent elements of a claim for negligence for those that our law prescribes with respect to conduct such as that herein at issue.
State Farm and Clark rely on the opinions of this court inKmart, Inc. v. Asaro, 751 So.2d 513 (Ala.Civ.App. 1999), andMontgomery v. City of Montgomery, 732 So.2d 305 (Ala.Civ.App. 1999). In Asaro, this court quoted the Alabama Supreme Court inCutts v. American United Life Insurance Co., 505 So.2d 1211,1214 (Ala. 1987), and stated:
 "`[The plaintiff's] complaint, if it states a claim at all, can only be an action for malicious prosecution. Malicious prosecution is an action disfavored in the law. The wrongdoing which [the plaintiff] alleges centered around the procurement of the indictment against him. . . . The policy disfavoring malicious prosecution claims would also disfavor bringing claims arising out of facts within the ambit of malicious prosecution but couched in other terms, especially general allegations of negligence, willfullness, or wantonness. Therefore, in the absence of any other clearly recognized theory under which [the plaintiff] could proceed, his complaint must be treated as one for malicious prosecution.'"
751 So.2d at 515 (emphasis added).
In Montgomery v. City of Montgomery, the plaintiff filed a lawsuit after he was arrested on a warrant issued for Robert A. Montgomery. The plaintiff brought claims alleging false arrest, false imprisonment, malicious prosecution, negligence, recklessness, and wantonness. 732 So.2d at 306. The trial court entered a summary judgment on each of the plaintiff's claims *Page 706 
and this court affirmed, explaining that "[a]lthough Montgomery alleges a number of tort claims and statutory violations, we note that his complaint, if it properly states a claim at all, states a claim of malicious prosecution." 732 So.2d at 308. This court relied in part on a treatise on Alabama tort law, in which the authors state:
 "The implications of this judicial disfavor are not avoided where a litigant brings claims arising out of facts within the ambit of malicious prosecution but couched in other terms, such as general allegations of negligence, willfulness, or wantonness as in Cutts v. American United Life Insurance Co.[, 505 So.2d 1211 (Ala. 1987)]."
Michael L. Roberts Gregory S. Cusimano, Alabama Tort LawHandbook § 27.0 (1990) (quoted with approval in Montgomery,732 So.2d at 308).
The evidence presented to the trial court in this case was not sufficient to create a genuine issue of fact as to each of the elements of malicious prosecution. See generally Kmart, Inc. v.Asaro, 751 So.2d at 515-16 (explaining that the elements of malicious prosecution are "`(1) a judicial proceeding initiated by the defendant [in the later malicious-prosecution action], (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff [in the later malicious-prosecution action], and (5) damage'" (quoting Cutts, 505 So.2d at 1214)). The trial court therefore correctly entered the summary judgment in favor of State Farm and Clark, and, therefore, I respectfully dissent from that part of the main opinion reversing that summary judgment as it relates to a purported negligence claim by Zuicarelli. In all other respects, I concur with the main opinion.