[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11670
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00088-CB-N

GEORGIA D. ALLEN,

Plaintiff - Appellant,

versus

VICTORIA'S SECRET STORES, LLC,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(March 18, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Georgia Allen ("Allen") appeals the district court's order granting

summary judgment to Defendant Victoria's Secret Stores, LLC ("Defendant") in

Allen's case claiming state-law malicious prosecution.  Specifically, Allen alleged that she was erroneously charged with stealing merchandise from a Victoria's Secret store as the result of malicious prosecution by the Defendant and its employees.  On appeal, Allen argues that the district court erred in concluding that she had not satisfied the elements of a malicious prosecution claim.  After careful review, we affirm.[1]

We review the district court's granting of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The party opposing summary judgment must present more than "[t]he mere existence of a scintilla of evidence in support of [its] position ...; there must be evidence on which the jury could reasonably find for the [non-movant]."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Once the defendant meets its initial burden, the plaintiff "must make a sufficient showing to establish the existence of each essential element to [her] case, and on which [she]

---

[1] We issued a jurisdictional question in this case and ordered the Defendant to file an amended notice of removal to properly plead citizenship of the parties. See 28 U.S.C. § 1653.  After review of the amended filing, we conclude that we have subject matter jurisdiction.

will bear the burden of proof at trial." Howard v. BP Oil Co., 32 F.3d 520, 523 (11th Cir. 1994).

To prove malicious prosecution in Alabama a plaintiff must show:

(1)    That a judicial proceeding was initiated by [the defendant] against [the plaintiff];

(2)    That the judicial proceeding was instituted without probable cause;

(3)    That the proceedings were instituted by [the defendant] maliciously;

(4)    That the judicial proceeding had been terminated in favor of [the plaintiff]; and

(5)    That [the plaintiff] suffered damage as a proximate cause of the judicial proceeding.

See Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala. 1988). Thus, Alabama law permits recovery for malicious prosecution only from those who are directly responsible for that prosecution. Cutts v. American United Life Ins. Co., 505 So. 2d 1211, 1215 (Ala. 1987). "[I]f a defendant fairly submits the facts to the prosecution authority, then signs the affidavit upon his advice, he has a complete defense to an action for malicious prosecution." Alabama Power Co. v. Neighbors, 402 So. 2d 958, 965 (Ala. 1981) (quotation omitted). Furthermore, merely providing, or negligently failing to provide, law enforcement officials with information is not sufficient to make one accountable for any prosecution which may result from such limited action. Cutts, 505 So. 2d at 1215. In other words,

3

giving information to the district attorney's office shields the malicious prosecution defendant only if she states all the material facts bearing thereon within her knowledge and if the finding and return of the indictment is not induced by fraud, subornation of witnesses, suppression of testimony, or other like misconduct on the part of the defendant.  Likewise, giving information concerning a possible crime to the police is not initiating an action unless such information was a misrepresentation of the facts in order to induce action, or there was a suppression of known material facts. In short, if one corruptly or oppressively brings about the indictment or prosecution of another maliciously and without probable cause by method of fraud, perjury, subornation, or by the willful suppression of known material facts, the intentional thwarting of a fair investigation, she is the initiator of the judicial proceeding against the malicious prosecution plaintiff.

Shoney's, Inc. v. Barnett, 773 So. 2d 1015, 1023 (Ala. Civ. App. 1999) (quotations, citations, and alterations omitted).

In this case, Allen's malicious prosecution claim fails because, among other things, there is no genuine dispute about the first prong of the malicious prosecution test -- that is, that neither the Defendants nor the Defendants' employees, Emily Sawyer and Jessica Wagner, initiated the proceeding against Allen.  Indeed, there is nothing in the record to suggest that Wagner and Sawyer knowingly and willfully provided false information to the police that resulted in Allen's prosecution.  As the summary judgment record shows, both Wagner and Sawyer merely provided statements to the police based on what each of them had personally observed, and the decision to prosecute was made by a detective after further investigation.  Allen does not claim that the statements Wagner and Sawyer

4

made to the police were factually incorrect, much less that they amounted to misrepresentations.

As for Allen's argument that Wagner and Sawyer should have told the police they never observed Allen within arm's reach of the display table, we are unpersuaded. Wagner expressly told the police neither she nor Sawyer observed anyone stealing the merchandise. Furthermore, the amount of merchandise Sawyer told the police was stolen was based on her best estimate, and is corroborated by Wagner's testimony about how much was on the display table when she last saw it. Either way, both Wagner and Sawyer admitted they had no way of knowing exactly how much was missing. Additionally, although Wagner and Sawyer stated later they did not actually see Allen in her green Mazda with a faded top, it is undisputed Allen was actually driving the green Mazda with a faded top. Thus, their statements cannot amount to any misrepresentation of facts.

Accordingly, Allen has failed to satisfy the first element of a malicious prosecution claim, and we affirm the district court's order granting summary judgment.

**AFFIRMED.**